[No. 3,060.]

## JOHN BOYLE *v.* MICHAEL DALTON AND RICHARD DONOVAN.

REDEMPTION OF PROPERTY SOLD ON EXECUTION.—A redemptioner may exercise his right to redeem land sold on execution, if no redemption has been made by the judgment debtor, at any time during the six months after the sale; and if in sixty days thereafter there is no redemption from him, the right to redeem from him is gone, even as to the judgment debtor and he is entitled to a Sheriff's deed.

APPEAL from the District Court of the Fourth Judicial District, City and County of San Francisco.

August 23d, 1869, Julian Perrault recovered a judgment against Michael Dalton and Richard Donovan, defendants, in the County Court of the City and County of San Francisco, upon which judgment, execution was issued, and, after due notice, the Sheriff, on the 11th of February, 1870, sold block three hundred and seventy-seven, Western Addition, to Frank F. Taylor, for seventy-one dollars and eighty cents.

Julian Perrault subsequently recovered another judgment against the same defendants, in the same Court, to wit: February 17th, 1870, for sixty-two dollars and fifty cents. On February 23d, 1870, Perrault assigned the last named judgment to the plaintiff, John Boyle. On the 24th of February, 1870, Boyle, as a redemptioner, redeemed the property from the sale to Taylor. Sixty days having elapsed, and no other redemption having been made, the Sheriff executed a deed to Boyle, who brought this action to recover possession of the land. On the trial Boyle relied on his deed from the Sheriff. The defendants insisted that they were entitled to six months to redeem after the sale, and that the Sheriff's deed was made prematurely and conveyed no title. The plaintiff had judgment, and the defendants appealed.

*E. A. Lawrence*, for Appellants.

The Sheriff's deed having been made before the expiration of six months after the sale, was void. (Pr. Act, Sec. 231; *Gross* v. *Fowler*, 21 Cal. 392; *Bernal* v. *Gleim*, 32 Cal. 668.)

*G. W. Tyler*, for Respondent.

Has the owner of real estate sold on execution, which real estate has been duly redeemed by a redemptioner, six months from the time of sale in which to redeem from such redemptioner, or must the owner redeem from such redemptioner within sixty days from the time of such redemption? The statute explicitly answers this question in favor of respondent. (Pr. Act, Sec. 232.)

By the Court, BELCHER, J.:

The plaintiff deraigns title to the premises under a Sheriff's deed, made in pursuance of a sale on execution.

The only question in the case relates to the time within

which the judgment debtor may redeem from a redemptioner.

It is claimed by the appellant that the judgment debtor may redeem from the purchaser, or a redemptioner, at any time within six months after the sale, while it is insisted by the respondent that he must redeem from a redemptioner, if at all, within sixty days after his redemption, and this though the whole time be less than six months after the sale.

The right to redeem is a matter of purely statutory creation and regulation. (1 Washburn on Real Prop. 464, note; *Tuolumne Redemption Co.* v. *Sedgwick,* 15 Cal. 515.)

The question raised is fully answered by the statute. Section two hundred and thirty-one of the Practice Act provides: "The judgment debtor or redemptioner may redeem the property from the purchaser within six months after the sale." Section two hundred and thirty-two provides: "If property be so redeemed by a redemptioner, either the judgment debtor or another redemptioner may, within sixty days after the last redemption, again redeem it from the last redemptioner; * * * if no redemption be made within six months after the sale, the purchaser or his assignee shall be entitled to a conveyance; or if so redeemed whenever sixty days have elapsed, and no other redemption has been made and notice thereof given, the time for redemption shall have expired and the last redemptioner or his assignee shall be entitled to a Sheriff's deed."

It is clear that a redemptioner may exercise his right to redeem from the purchaser—no redemption then having been made by the judgment debtor—at any time within six months after the sale, and if within sixty days thereafter there be no redemption from him, the right to redeem from him is gone and he is entitled to the Sheriff's deed.

Judgment and order affirmed.