JAMES GILFILLAN *vs.* MERRELL RYDER & others

August 7, 1875.

Sale of Real Estate on Execution on Judgment of Supreme Court.—A certain sheriff s sale upon execution *held* valid, in accordance with *Messerschmidt* v. *Baker, (ante* p. 81,) which followed *Daniels* v. *Winslow,* 4 Minn. 318.

Redemption from Sale on Execution.—Sections 114 and 115, ch. 71, Rev. St., as amended by Laws 1854, ch. 41, required a redemption from a redemptioner to be made within thirty days from the time when such redemptioner redeemed.

Appeal by defendants, Allis and Emmett, from a judgment of the court of common pleas of Ramsey county, where the action was tried before *Hall,* J., without a jury.

*L. Emmett,* appellant in person.

*Lorenzo Allis,* appellant in person.

*Geo. L. Otis,* for respondent, Ryder.

BERRY, J.[1] The plaintiff brings this action to obtain a partition of lot 10, in block 53, of Rice & Irvine's addition to St. Paul. The plaintiff's ownership of an undivided half of the lot, and his right to partition, are undisputed. The controversy in this court is wholly between the defendants, Ryder, Allis, and Emmett, and relates only to the ownership of the other undivided half of the lot. Ryder and Allis both claim through a sheriff's sale upon execution. We had occasion to consider the same sale in *Messerschmidt* v. *Baker, (ante* p. 81,) and held it to be valid. For the grounds of this conclusion it will be sufficient to refer to the opinion in that case. This disposes of the claim set up by Emmett to the premises in dispute, as his claim is based upon the invalidity of the sale referred to.

The only remaining controversy is between Ryder and Allis, and that arises out of the following state of facts: The disputed premises were sold at the sheriff's sale on July 16, 1857, to C. C. Washburn. On December 9, 1857,

[1] Gilfillan, C. J., did not sit in this case, which was commenced while he was at the bar.

Ennis, as a judgment creditor, redeemed the premises from the sale to Washburn. The validity of this redemption is not questioned. On January 27, 1858, the sheriff executed his deed of the premises to Ennis, reciting in the same that no further redemption of the premises had been made within thirty days after the redemption by Ennis. Ryder claims under a subsequently executed quit-claim deed from Ennis to himself. On July 13, 1858, Marshall, as a judgment creditor, attempted to redeem from Ennis. For the purposes of this case it may be assumed that the attempt was sufficient if made in time. The question of time depends upon the meaning of Rev. St. ch. 71, §§ 114, 115, as amended by Laws 1854, ch. 41.

Section 114, as thus amended, reads as follows: "The judgment debtor, or redemptioner, may redeem the property from the purchaser within one year after the day of sale on paying him the amount of his purchase, with interest at ten per cent., and if he be also a creditor, having a lien prior to that of the redemptioner, the amount of such lien with interest." By its terms this section has reference to redemptions from a purchaser only at the execution sale. It has, therefore, no application to the question between Ryder and Allis.

Section 115, as amended, is as follows: "If the property be so redeemed by a redemptioner, either the judgment debtor or another redemptioner may, within thirty days after the last redemptioner, again redeem it from the last redemption on paying the sum paid on his redemption, with interest, and, unless his lien be prior to that of the preceding redemptioner, the amount of such lien, with interest; the property may be again, and as often as the debtor, owner, or any redemptioner, is so disposed to redeem from any redemptioner, within thirty days after his redemption, and notice thereof filed with the sheriff. If no redemption is made in one year after the sale, the purchaser is entitled to a conveyance; if so redeemed, whenever thirty days

have elapsed, and no redemption has been made and notified therein, the time for redemption has expired, and the last redemptioner is entitled to a sheriff's deed. If the debtor or owner redeem at any time before the time for redemption expires, the sale is terminated, and he is restored to his estate."

This section is applicable to the case at bar. In our opinion it requires the redemption from a redemptioner to be made within thirty days from the time when such redemptioner redeems. We think this is the only construction of which the section will fairly admit by its terms. The period of right of . redemption from a redemptioner is expressly limited to thirty days, and this construction is supported by a reference to Rev. St. ch. 71, §§ 114, 115, before the amendment of 1854. This amendment principally consisted in changing the period of redemption from a purchaser from sixty days to one year. But no change is made as to the time of redemption from a redemptioner; in both cases it is thirty days. When this fact is considered, the inequality of allowing one year for a redemption from a purchaser, and only thirty days for a redemption from a redemptioner, is, in a great measure, if not entirely, deprived of its weight against a construction of the statute which leads to such inequality. In other words, when sixty days were given in which to redeem from a purchaser, and thirty days in which to redeem from a redemptioner, the difference between the two—viz., thirty days—was so small that it could, perhaps, be easily accounted for by consideration of the difference between the two cases, and between the positions occupied by a purchaser and a redemptioner. It was, perhaps, made to encourage redemptions; but, at any rate, there is no reason for doubt that the statute, as it read before the amendment of 1854, made the distinction above spoken of between redemptions from a purchaser and from a redemptioner; and, as the change wrought by the amendment of 1854 only affected the period allowed in

the former case—extending it from sixty days to one year—
it follows that it left the period allowed in the latter case—
viz., thirty days—unchanged.

That we are correct in our construction will be further
apparent, we think, from Laws 1858, ch. 60, and subse-
quent legislation upon the subject of redemption. It will
appear, upon examination, that changes have been there
made in the statute, in recognition of this construction, and
for the clear purpose of remedying the inequality and hard-
ship resulting from the operation of the statute as it read
after the amendment of 1854.

The judgment of the court below was to the effect that
James Gilfillan, the plaintiff, was owner in fee of one undi-
vided half of the lot in question, and that Merrell Ryder,
one of the defendants, was owner in fee of the other undi-
vided half of the same. It also adjudged a partition of
the lot, pursuant to a stipulation between Gilfillan and
Ryder and his wife, and made provisions as to costs, which
are not objected to.

The judgment, being in accordance with the views above
expressed, is affirmed.