STATE *ex rel* BROOKS BROS. *vs.* M. J. O'CONNOR.

Opinion filed November 24th, 1896.

**Execution Sale—Redemption.**

> A redemptioner must redeem from another redemptioner, on sale of real estate under execution, or on foreclosure of a mortgage by advertisement, within 60 days after the last preceding redemption, although a year has not yet expired since the day of sale.

Appeal from District Court, Grand Forks County; *Templeton,* J.

Petition for mandamus by the State of North Dakota, on the relation of Lester R. Brooks, Dwight F. Brooks, and Anson S. Brooks, co-partners as Brooks Bros., against Michael J. O'Connor, sheriff. Judgment for plaintiffs. Defendant appeals.

Affirmed.

*Bosard & Burke,* for appellant.

*Cochrane & Feetham,* for respondents.

CORLISS, J. The controversy in this case relates to the right of redemption from a mortgage foreclosure sale. A first mortgage upon the premises involved was foreclosed by advertisement, and the sale under such foreclosure took place June 24, 1895. On the 23rd of April, 1896, Brooks Bros., who (we will assume, for the purposes of this decision) held a third mortgage upon the property, redeemed the same from such foreclosure sale. On the 23rd of June, 1896, the Security Trust Company, holding a second mortgage upon the land, attempted to redeem from the third mortgagee, who had redeemed. The only question necessary for us to consider is whether this second redemption was in time. The appeal is from a final order, in a special proceeding, directing that a peremptory writ of mandamus issue commanding the defendant, as sheriff, to execute and deliver to the relators, Brooks Bros., a sheriff's deed of the property sold. If the attempted redemption by the Security Trust Company was ineffectual, we must affirm this order. That it was ineffectual we have no doubt, for the reason that it was not made in time.

While it was made within a year of the day of sale, yet more than 60 days had elapsed since the preceding redemption by Brooks Bros. They redeemed from the purchaser on the 23rd of April, 1896, and the Security Trust Company sought to redeem from them on the 23rd of June, 1896, 61 days later. That a redemptioner is not accorded by the statute a full year after the sale in which to redeem from another redemptioner, but that he must redeem from another redemptioner within 60 days after the last preceding redemption, although the year has not expired, is too obvious, from the language of the statute, to admit of question. Section 5854 of the Revised Codes declares that the subject of redemption from sale of foreclosure of mortgage by advertisement is governed by the sections of the statute relating to redemption from sales upon execution. These sections, so far as they bear upon the question now before us, provide as follows:

"Sec. 5540. Property sold subject to redemption, or any part sold separately, may be redeemed in the manner hereinafter provided by the following persons, or their successors in interest: (1) The judgment debtor, or his successor in interest. (2) A creditor having a lien by judgment or mortgage on the property sold or on some share or part thereof, subsequent to that on which the property was sold. The persons mentioned in the second subdivision of this section are in this chapter termed redemptioners.

"Sec. 5541. The judgment debtor or redemptioner may redeem the property from the purchaser within one year after the sale on paying the purchaser the amount of his purchase with twelve per cent. interest thereon, together with the amount of any assessment or taxes which the purchaser may have paid thereon after the purchase and interest at the same rate on such amount; and if the purchaser is also a creditor, having a prior lien to that of the redemptioner, other than the judgment under which such purchase was made, the amount of such lien with interest.

"Sec. 5542. If the property is so redeemed by a redemptioner, another redemptioner may within sixty days after the last re-

demption again redeem it from the last redemptioner on paying the sum paid on such last redemption, with like interest thereon in addition, as provided by the preceding section, and the amount of any assesment or taxes which the last redemptioner may have paid thereon after the redemption by him with like interest on such sum, and, in addition the amount of any lien held by said last redemptioner prior to his own interest; but the judgment on which the property was sold need not be so paid as a lien. The property may be again, and as often as a redemptioner is so disposed, redeem from any previous redemptioner within sixty days after the last redemption on paying the sum paid on the last previous redemption with interest at the same rate as provided for the first redemption in § 5541 in addition, and the amount of any assessment or taxes which the last previous redemptioner paid after the redemption by him with like interest thereon and the amount of any liens, other than the judgment under which the property was sold, held by the last redemptioner previous to his own, with interest."

"Sec. 5544. If no redemption is made within one year after the sale, the purchaser or his assignee is entitled to a conveyance; or if so redeemed, whenever sixty days have elapsed and no other redemption has been made and notice thereof given and the time for redemption has expired, the last redemptioner, or his assignee is entitled to a sheriff's deed; but in all cases the judgment debtor shall have the entire period of one year from the date of the sale to redeem the property."

It is clear that § 5541 relates to only cases of redemptions from the purchaser at the sale, and not from a redemptioner. It is only when the redemptioner is redeeming from the purchaser that he is allowed the full year in which to redeem. In the very next section the case of a redemption from another redemptioner is specifically provided for. That section in terms limits the exercise of the right in such a case to the period of 60 days after the last preceding redemption. That it was the purpose of the law-making power to grant to the redemptioner the full period of one

year only in cases of redemption from the purchaser, and to restrict him to the period of 60 days since the last redemption when he redeemed from a redemptioner, is conclusively evinced by the concluding clause of § 5544, which declares: "But in all cases the judgment debtor shall have the entire period of one year from the date of the sale to redeem the property." Placing these provisions of the statute together, the intent of the legislature is very plain. The redemptioner is to have one year when he redeems from the purchaser, but only 60 days since the last preceding redemption when he redeems from a redemptioner; "but in all cases the judgment debtor shall have the entire period of one year from the date of the sale to redeem the property." Our statutes on this subject have a history. Prior to 1873 they constituted § § 701 to 703, both inclusive, of the Califoruia Code of Civil Procedure, with the exception of the clause last quoted While the statutes remained in this condition in the State of California, the Supreme Court of that state decided that even the judgment debtor himself could not redeem from a redemption after more than 60 days had expired since such redemptioner had redeemed from the purchaser, despite the fact that a year had not elapsed since the sale. *Boyle v. Dalton*, 44 Cal. 332. That court held that the statute put both the judgment debtor and the redemptioner in the same category, whether redemption from the purchaser or from one who was a redemptioner was attempted. Either could redeem from the purchaser within the year. Neither could redeem from a redemptioner beyond the period of 60 days since the last redemption, although the year had not then expired. It was to take the judgment debtor out of this class, in which the statute had previously placed him, and to give him the exceptional privilege to redeem within the year in all cases, whether from the purchaser or a redemptioner, that the statute was amended in California, after the decision of the court in *Boyle* v. *Dalton*, 44 Cal. 332, by inserting therein the provision, "But in all cases the judgment debtor shall have the entire period of one year from the date of the sale to redeem the property." Having

restricted this provision to the case of a judgment debtor, the legislature disclosed a purpose to leave the statute unchanged, so far as the case of a redemptioner redeeming from another redemptioner was concerned. It was in this form that we adopted the statute in this state. The interpretation placed upon it by the Supreme Court of the state from which it was taken is, upon a familiar principle of law, to be deemed as having been adopted as part of the statute itself. But, aside from this consideration, we would be compelled to construe it as we do. Its language is too unambiguous to justify any uncertainty as to its meaning. The Supreme Court of Minnesota, interpreting a statute practically the same as ours, reached the same conclusion in *Gilfillan* v. *Ryder*, 22 Minn. 87.

We have assumed that a redemption must be made within the period provided by the statute, in the absence of peculiar circumstances calling for a relaxation of this strict rule. On this point it is only necessary to state that, as the right is created by statute, the beneficiary of such legislation must take the privilege burdened with all its restrictions. The two cases already cited enforce this doctrine, and it has been often recognized and applied. *Gilchrist* v. *Comfort*, 34 N. Y. 235; *Morse* v. *Purvis*, 68 N. Y. 225; *Ross* v. *Mead*, 5 Gilman, 172; 2 Freem. Ex'n.,§§ 314, 316. The redemption not having been made in time, it follows that the Security Trust Company has no right to a deed of the premises involved, but that the sheriff should execute and deliver the deed to the relators, Brooks Bros. The order of the court awarding the peremptory writ of mandamus is therefore affirmed. All concur.

ON PETITION FOR REHEARING.

Counsel for appellant urges with great earnestness that we have misconstrued the statutes regulating redemptions. Reduced to its ultimate analysis, his claim is that, while a third mortgagee is a redemptioner as to a fourth mortgagee, he is not a redemptioner as to a second mortgagee. This distinction is purely

fanciful. It finds no support in the statute. A redemptioner is therein defined. Every person having a lien by judgment or mortgage on the property is a redemptioner. Section 5540. This embraces a third, as well as a second mortgagee. There is no such classification in the statute as redemptioners absolute and relative redemptioners,—those who are redemptioners with respect to one class of persons, but are not redemptioners with reference to another class. All persons who are redemptioners at all are redemptioners as to the whole world. A third mortgagee is, therefore, as much a redemptioner with regard to a second mortgagee as with respect to a fourth mortgagee. He is a redemptioner as to every one. The statute allows him to redeem the moment the sale is effected. Section 5542, Rev. Codes. If the property "is so redeemed by a redemptioner," another redemptioner has only 60 days after the last redemption in which to make his redemption. The words "is so redeemed by another redemptioner" refer to a redemption by a third as well as one by a second, mortgagee. The shorter redemption period is applicable in every case in which a redemption from the purchaser is effected by a redemptioner, whatever the rank of such a redemptioner's lien may be. If a third mortgagee redeems the property, it has been redeemed by a redemptioner. If not, by whom has it been redeemed? There are only two classes of persons entitled to redeem, i. e. the mortgagor and redemptioners. If a third mortgagee is not a redemptioner, then he is not entitled to redeem at all. Would this be claimed? That he may redeem as soon as the sale is completed cannot be successfully controverted. That he must redeem as a redemptioner is likewise true. When he does redeem, the property has been redeemed by a redemptioner. When it has been redeemed by a redemptioner, the explicit language of the statute is that another redemptioner (and a second mortgagee is another redemptioner) has only sixty days after such redemption to redeem. But it is urged that the second mortgagee has no notice of a third mortgage. This, in a restricted sense, is true. But we fail to discover what bearing it has

upon the construction of the statute involved. The legislature has full control over the subject of redemption from execution and mortgage sales. It may declare that all rights shall be divested by the sale, or it may accord to the parties interested in the property any indulgence which appears to it to be wise. The right to redeem after sale is a matter of favor, and the law-making power may prescribe the terms on which such privilege shall be enjoyed. It may declare that in a certain contingency the redemption must be made within a particular period of time, and that in a certain other contingency it must be effected within another prescribed period. This is precisely what our statute has done. Nor have we any right to overthrow the express provisions of the redemption law because to us it may seem to be an impolitic enactment. If any redemptioner suffers loss, it is because of inattention to his own affairs. The meaning of the statute is as plain as the use of language can make it. It declares that, while all parties shall have a full year to redeem from the purchaser, and while the judgment debtor or mortgagor shall have the same period to redeem from any one, a redemptioner shall have only 60 days after the last preceding redemption to redeem from another redemptioner. It notifies the redemptioner that one who takes a lien subject to such redemptioner's lien has the right to redeem from the purchaser, and that after such redemption the time for redemption by a prior incumbrancer is limited to 60 days. It therefore informs him that there is a possibility of a redemption by later incumbrancers, and that he must govern his conduct accordingly. The statute requires a notice of redemption by such later incumbrancer (as well as of all other redemptions) to be filed in a public office, and made a public record. Section 5543, Rev. Codes. The public notice of a redemption which a redemptioner receives as to a redemption by a subsequent incumbrancer is the only public notice which he is given of a redemption by a prior incumbrancer. A redemptioner has the same notice of a redemption by an incumbrancer who is behind him as by an incumbrancer who is ahead of him. Whether

he has actual or constructive notice of the lien which is inferior to his own is immaterial. The only matter in which he is interested is whether there has been a redemption by a redemptioner. The existence of other liens on the property does not affect him the least. The only thing which can affect his rights as a redemptioner is an actual redemption of the property by another redemptioner. The same examination of a public record which will enable him to ascertain whether an incumbrancer ahead of him has redeemed will disclose the fact of a redemption by an incumbrancer whose lien is later than his, if such a redemption has been made. The fallacy of the argument of counsel for appellant lies in the false assumption that notice of the existence of an incumbrance on the property is of any moment whatever. The only notice which the law contemplates that the redemptioner shall have is notice of the fact of a redemption by another redemptioner. This notice is given in precisely the same way when the redemptioner who redeems holds an inferior as when he holds a lien superior to the one held by the person for whose benefit the notice is given. We regard this statute as clear in its meaning as any legislation we have ever been called upon to interpret. The petition for a rehearing is denied. All concur.

(69 N. W. Rep. 692.)

NOTE—See Ch. 121, Laws 1897.