## STOCKER V. PUCKETT

Comp. Laws 1887, § 5151, authorizes a judgment debtor or a "redemptioner" to redeem property sold on execution within one year after the sale. Section 5152 declares that, if a redemptioner redeems, "the property may be again and as often as a redemptioner is so disposed, redeem from any previous redemptioner within sixty days from the last redemption," and "if no redemption is made within one year after the sale, the purchaser or his assignee is entitled to a conveyance," etc. Held, that the right of the judgment debtor or of his successor in interest to redeem, either from the purchaser at the sale or from a prior "redemptioner," expires at the end of a year from the sale; a prior redemption within the year not extending the time.

(Opinion filed July 22, 1903.)

Appeal from circuit court, McPherson county. Hon. LORING E. GAFFY, Judge.

Action by John Stocker against Benjamin F. Puckett. Judgment for plaintiff. Defendant appeals. Affirmed.

*James M. Brown,* for appellant.

*Herreid & Williamson,* for respondent.

FULLER, J. This action in equity to quiet title to real property described in the complaint terminated below in a judgment for plaintiff, and the defendant appeals.

Respondent's motion to dismiss the appeal is denied upon its merits, and for the reason that the grounds relied upon are not sufficiently substantiated by the affidavits and record properly before us. The averments of appellant's answer and the admissions of respondent concerning certain redemptions by a judgment creditor from the concurrent foreclosure of two mortgages on the property, by virtue of powers of sale regularly pursued, eliminate all questions as to the validity of the

foreclosure and redemption proceedings, upon which respond-
ent bases his title under a sheriff's deed.

The essential facts may thus be stated in connection with
the statutory provsions to be construed: On the 29th day of
April, 1899, the mortgages were forclosed, and Wilhelmina
Weisser, being then the owner of the premises, was entitled to
redeem at any time within one year from the date of sale. Tren-
ery v. American Mortgage Company, 11, S. D. 506, 78 N. W.
991. On the 28th day of April, 1900, Jacob Gutjahr, a creditor
having a lien by judgment, redeemed from the foreclosure
sales, and appellant, as the grantee of Wilhelmina Weisser,
attempted to redeem from such redemptioner on the 27th day
of June, 1900. While the sheriff accepted appellant's money
and issued the usual certificates of redemption, he conveyed
the premises to Gutjahr, by sheriff's deed on the 25th day of
August, 1900.

It is contended by his counsel that appellant, as the suc-
cessor of the mortgagor, lawfully redeemed from Gutjahr, and,
there being no further redemptions, was entitled to the sheriff's
deed at the expiration of 60 days. Fourteen months having in-
tervened between the foreclosure sale and appellant's effort to
redeem, the exact point presented is whether his right to re-
deem expired one year from the date of sale. The statute ex-
pressly limits the term "redemptioner" to a mortgagee or
judgment creditor having a lien subsequent to that on which
the property was sold, and provides that the debtor or his suc-
cessor in interest may redeem within one year after the sale.
Comp. Laws 1887, §§ 5150, 5151, being sections 375 and 376,
Rev. Code Civ. Proc.

If a redemptioner redeems, "the properly may be again,

and as often as a redemptioner is so disposed, redeemed from any previous redemptioner within sixty days after the last redemption," and "if no redemption be made within one year after the sale, the purchaser or his assignee is entitled to a conveyance; or, if so redeemed, whenever sixty days have elapsed, and no other redemption has been made, and notice thereof given, and the time for redemption has expired, the last redemptioner, or his assignee, is entitled to a sheriff's deed; but in all cases the judgment debtor shall have the entire period of one year from the date of the sale to redeem the property." Comp. Laws 1887, § 5154, being section 379, Rev. Code Civ. Proc.

Not only does the statutory definition of a "redemptioner," as well as the difference in procedure and effect of redemption, place one having a lien by mortgage or judgment in a class entirely different from the mortgagor or his successor in interest, but the latter is given the exclusive right of possession, together with the rents and profits, during the year within which he may destroy the effect of the sale by paying the amount collectible, and thus be restored to his estate.    Rudolph v. Herman, 4 S. D. 283, 56 N. W. 901.

By granting the mortgagor, or his successor in interest, perfect immunity for the full period of one year, from the action of the mortgagee and subsequent creditors having liens, the legislature has accorded greater indulgence than it shows to those classified as "redemptioners," for they must redeem from one another within sixty days.    State v. O'Connor, 6 N. D. 285. 69 N. W. 692.

In language justifying no exception or suggestion of uncertainty, and as a matter of favor, the mortgagor or his suc-

cessor in interest may have "the entire period of one year from the day of the sale to redeem the property," and it is not within the province of the courts to extend that time.

We therefore conclude that the appellant's right to redeem expired in one year from the date of the sale, and the judgment appealed from is affirmed.