Hess v. Peck.

*Reversed and remanded.*

## Eli C. Hess v. John Peck.

### Gen. No. 4160.

1.  WRIT OF ERROR—*when failure to join in, is cured.*  If there is
irregularity in the failure of a particular party to join in suing out a writ
of error, such irregularity is cured upon such party subsequently, by
leave of court, becoming a plaintiff in error.

2. BILL FOR MECHANICS' LIEN—*when averments of, cannot be questioned.* A defendant cannot for the first time on appeal attack the jurisdiction of the court to grant a mechanics' lien upon the ground that the bill does not aver that the contract upon which the claim for lien is based fixed a time when the material was to be delivered, the work performed and the money paid.

3. MASTER'S REPORT—*when objections to, are waived.* When specific exceptions have been filed to a master's report, points not within such exceptions are waived.

4. COSTS—*when a tender does not defeat recovery of.* A tender of a sum less than that subsequently recovered is ineffectual to defeat a recovery of costs.

5. TENDER—*when a, is ineffectual.* A tender which is made conditioned upon its acceptance as a full liquidation, is not a legal tender.

6. ATTORNEY'S FEES—*allowance of, in mechanics' lien proceeding.* An attorney's fee of approximately ten per cent should be allowed the petitioner where the defendant did not admit that the amount finally recovered was due, and did not tender or pay any sum whatever, notwithstanding a large part of the controversy involved credits claimed by, and subsequently allowed to the defendant.

Mechanics' lien proceeding. Error to the Circuit Court of Whiteside County; the Hon. FRANK D. RAMSAY, Judge. presiding. Heard in this court at the April term, 1903. Affirmed. Opinion filed October 8, 1903.

HENRY C. WARD, for plaintiff in error.

C. L. & C. E. SHELDON, for defendant in error.

MR. PRESIDING JUSTICE DIBELL delivered the opinion of the court.

Helen J. Brookfield owned two lots in Sterling. Eli C. Hess contracted with her to build a house on each lot. Hess made a sub-contract with John Peck for lumber and other materials and for the plastering. As the work progressed there were many disagreements between Peck and Hess. Peck having, as he claimed, performed his contract, filed a bill against Hess and Mrs. Brookfield for a mechanic's lien upon the premises. Hess answered and filed a cross-bill for an accounting with Peck. Mrs. Brookfield answered bill and cross-bill. Upon a reference to take proofs and report proofs and findings, the master heard proofs and made a report in part favorable to Peck, but which allowed Hess part of the disputed credits claimed by him, and $200 for damages for Peck's delay in furnishing

material, and allowed Peck an attorney's fee of $170.72. Peck and Hess each filed objections to the report, which the master overruled, and which stood as exceptions before the court.   The court sustained Peck's exception to the allowance of $200 to Hess as damages, and Hess's exception to the allowance of attorney's fees, and overruled all other exceptions, and gave Peck a decree and lien for $2,037.77, one-half on each lot, and for costs.   Hess sued out a writ of error to review said decree, and Peck assigned cross-errors.

Peck argues that the decree should be affirmed *pro forma* because Mrs. Brookfield did not join in suing out the writ of error.   Since Peck filed his brief Mrs. Brookfield has, by leave of court, joined as plaintiff in error, which cures the supposed defect.

Hess argues Peck's bill of complaint did not state a case entitling him to a lien, for lack of allegation that the verbal contract between Peck and Hess fixed a time within which Peck should deliver the materials and plaster the house and a time when Hess should pay therefor, and that performance on each side was to be within one year after the making of the contract.   Hess did not raise this question in the court below.   His answer did not suggest any lack of averment in the bill.   If he had demurred to the bill on that ground, Peck might have amended to supply that lack.   By his answer and cross-bill Hess averred the contract was made in the spring of 1900, and that Peck was to complete his contract by September 1, 1900; and by his cross-bill filed within one year after the contract was made he admitted there was then due Peck $1,696.28 under the contract.   Hess's testimony tended to show the contract did fix a time for its performance.   The master found that by the agreement, the houses were to be built in the summer of 1900, and that Peck was entitled to a decree for a lien.   The objections and exceptions filed by Hess to said report did not question these findings.   He made no claim in the court below that Peck was not entitled to a lien, either for lack of allegation or lack of proof.   His pleadings and proofs were devoted to reducing the amount for

which a lien should be given. Hess tried the case in the court below on the theory that the court had jurisdiction. He sought an accounting with Peck by the cross-bill. It is evident that if he had secured all the credits he claimed, he would have relied upon the decree as a valid adjudication. He can not defeat a decree not as favorable as he desired by an attack here upon the jurisdiction, which he did not make in the court below.

Hess filed but two exceptions to the master's report. He only questioned it for allowing attorney's fees to Peck and for reporting Peck was entitled to a decree for costs. By filing only these exceptions he acquiesced in all other findings of fact by the master. The court sustained his exception to the attorney's fees, and sustained Peck's exception to the allowance of $200 damage to Hess. In this state of the record, the only questions which Hess is entitled to present are whether the court erred in its rulings upon those exceptions.

It was necessary for Peck to file his bill, take his proofs and prosecute his suit to a decree, in order to get that which was justly due him. While Hess admitted in his cross-bill that a large part of what Peck finally recovered was due him, yet he did not admit it all, and his offer therein made to pay that sum was not unconditional, but only "whenever he is willing to accept the same in full liquidation of all matters between him and your orator and release the money" in the hands of Mrs. Brookfield's agent. Hess did not actually tender either what has been found due or what he admitted was due. While Peck did not recover as much as he claimed in his bill of complaint, he did recover more than was conceded to be due him. A defendant can not defeat the recovery of costs by admitting part of what is due. Hess did establish a part of the credits he claimed, but if the court for that reason had power to apportion the costs, it did not do so. We find in the record no sufficient reason for disturbing its action as to costs.

Peck was entitled to a reasonable time in which to deliver material after Hess ordered it. Upon the question whether Peck was guilty of any serious delay in filling Hess's orders,

the evidence is in conflict.   After the difficulties between the parties had all arisen, and after the houses had been completed, Hess and Peck and their attorneys had a meeting at which Hess presented a bill of particulars of his claims and demands against Peck.   In that statement he made no claim for damages for delay.   It is evident he did not then consider he had a valid claim against Peck for such delay. The court refused to allow such damages.   The condition of the record would not justify us in disturbing that conclusion.

Peck objected and excepted to the master's report because it did not allow him $200 as attorney's fees, and he assigns here as a cross-error the refusal of the court to allow him attorney's fees of ten per cent on the amount found due. He proved that $200 was a reasonable fee for his attorney in this case, and no counter proof was offered.   The statute provides for an allowance to complainant of an attorney's fee of not exceeding ten per cent upon the amount for which a lien is awarded.   It is true that much of the controversy here was over credits claimed by Hess, the larger part of which the master and the court allowed.   Yet Hess did not admit there was due Peck all that was allowed him, and did not pay or tender any of it, so that Peck was obliged to prosecute this suit to decree.   By reducing Peck's recovery Hess has reduced the sum Peck can be allowed as attorney's fees, and that is all the effect Hess's partial success can have upon the allowance of attorney's fees.   The total sum found due Peck by the decree (including interest, the allowance of which is not questioned here) is $2,037.77.   As ten per cent on that sum would exceed the $200 covered by plaintiff's exception and proof on the subject, we are of opinion that the court should have allowed Peck an attorney's fee of $200.   Peck in his brief abandons all other cross-errors assigned by him.

The decree is therefore affirmed, except as to attorney's fees, and the portion of the decree relating to attorney's fees is reversed upon cross-errors assigned, and the cause is remanded with directions to the court below to so amend its decree as to award Peck $200 attorney's fees.

*Affirmed.*