[No. 1527, August 26, 1913.]

THE UNION ESPERANZA MINING COMPANY, a corporation, Appellant, v. THE SHANDON MINING COMPANY, a corporation, Appellee.

### SYLLABUS (BY THE COURT)

1. A tender by a debtor to a creditor (who in good faith asserts that the amount tendered is insufficient) is not good as a tender if it be coupled with such conditions that the acceptance of the same will involve an admission by the creditor that no more is due.

P. 165

2. The right of redemption is created by statute and the beneficiary of such legislation must take the privilege burdened with all its restrictions.

P. 165

Appeal from the District Court of Sierra County; Merritt C. Mechem, District Judge; affirmed.

R. L. YOUNG and J. H. PAXTON, Las Cruces, N. M., for appellant.

Statute contemplates a tender of the purchase money paid at the execution of the sale with legal interest thereon, coupled with the demand for a release, or a reconveyance in case the land has been conveyed. Wheelock v. Tenner, 39 N. Y. 481; Storey v. Krewson, 55 Ind. 397, 23 Am. Rep. 668; Buffum v. Buffum, 11 N. H. 451; Strafford v. Welch, 59 N. H. 46; Holpin v. Phoenix Ins. Co., 118 N. Y. 165, 23 N. E. 482; Englebach v. Simpson, 12 Tex. Civ. App. 188, 33 S. W. 596-600; McKelvain v. Allen, 58 Tex. 387; Lundy v. Pierson, 67 Tex. 237, 2 S. W. 737; Hamblen v. Folts, 70 Tex. 135, 7 S. W. 834; McPherson v. Johnson, 69 Tex. 487, 6 S. W. 798; Kauffman v. Brown, 83 Tex. 45, 18 S. W. 425; Willis v. Sommerville, 3 Tex. Civ. App. 509, 22 S. W. 781; Foster v. Andrews, 4 Tex. Civ. App. 329, 23 S. W. 610; But, Halfin v.

Winkleman, 83 Tex. 165, 18 S. W. 433; Flower v. El-wood, 66 Ill. 439; Walling v. Kinnard, 10 Tex. 509.

Equity would compel the mortgagee to remove the cloud by executing a release, after the mortgage has been discharged. Brown v. Stewart, 56 Md. 421; Redmond v. Packenham, 66 Ill. 437; Frederick v. Ewrig, 82 Ill. 363; Smith v. Van Campen, 40 Iowa 411; Kent v. Church of St. Michael, 136 N. Y. 10, 32 N. E. 704; Allen v. Waldo, 47 Mich. 516, 11 N. W. 366; Stanley v. Valentine, 79 Ill. 544; Brewton v. Smith, 28 Ga. 442; Eckman v. Eckman, 55 Pa. St. 269; Pratt v. Pond, 5 Allen 59; Williams v. Williams, 7 Baxt. 116; Vardeman v. Lawson, 17 Tex. 18; Lick v. Ray, 43 Cal. 83.

Tender made upon condition that a release of the vendor's lien be delivered upon final payment of the purchase money was valid. Johnson v. Grange, 45 Mich. 18, 7 N. W. 188; Wheelock v. Tanner, 39 N. Y. 486; Mankel v. Belscamper, 84 Wis. 218, 54 N. W. 500; Strafford v. Welch, 59 N. H. 46; Loughborough v. McNevin, 74 Cal. 250, 14 Pac. 369; 15 Pac. 773; Halpin v. Insurance Co., 118 N. Y. 175, 23 N. E. 482; Bailey v. Buchanan Co. (N. Y. App.) 22 N. E. 155; Brock v. Jones Exec'rs., 16 Tex. 467; Wood v. Hitchcock, 20 Wend. 47; Richardson v. Jackson, 8 Mees. & W. 298; 8 Dowl. 442; Bowen v. Owen, 11 Q. B. 131; Chit. Cont. 694.

Tender stopped the subsequent interest and carried with it the cost of suit. Brock v. Jones, 16 Tex. 468; Fisk v. Holden, 17 Tex. 414; Riley v. McNamora, 83 Tex. 14, 18 S. W. 141; 25 Am. & Eng. Enc. L. 926; Tasker v. Bartlett, 59 Mass. 362; Bailey v. Buchanan, (N. Y.) 6 L. R. A. 466.

Purchaser of land at an execution sale takes at his peril. Statute controls as to demands and tender. C. L. 1897, sec. 2136; Milner v. Kettig, 43 Neb. 192, 47 Am. St. Rep. 748; Frost v. Atwood, 73 Mich. 67, 16 Am. St. Rep. 563-4; Norton v. Neb. L. & T. Co., 35 Neb. 456, 37 Am. St. R. 443; Mackenna v. Fidelity T. Co., 184 N. Y. 411, 112 St. R. 626; Sheppard v. Clark, 58 Ia. 371, 12 N. W. 316; Pellock v. Douglas County, 39 Neb. 293, 42 Am. St. R.

582-9; Lynde v. Inhabitants of Melrose, 10 Allen 49; Harper v. Rowe, 53 Cal. 238; Harding v. Harding, 16 S. Dak. 406, 102 Am. St. R. 700; Stone v. Gardner, 20 Ill. 304, 71 Am. Dec. 270.

Purchaser of land at execution sale may recover money paid by him to raise liens and incumbrances: Annual assessment work cannot be construed to be a lien or incumbrance subject to which the land was sold. C. L. 1897, sec. 3126; 2 Lindley on Mones, sec. 624, (p. 1152); Chambers v. Harrington, 111 U. S. 353, 28 L. Ed. 453; Beals v. Cone, 27 Col. 473, 83 Am. St. R. 99; 27 A. & E. Enc. L., sec. 202 and cases cited; Frost v. Atwood, 73 Mich. 67, 16 Am. St. R. 563.

Plaintiff corporation not liable to defendant corporation for assessment work done in years 1908, 1909 and 1910. 27 Cyc. 836; 1 Snyder on Mines, sec. 489; Clark on Contracts, p. 763.

An offer to make conditional tender if refused, relieves duty of actual tender. McPherson v. Fargo, (S. Dak.), 66 Am. St. R. 723; Hoffman v. Van Dieman, 62 Wis. 362, 21 N. W. 542; Cleveland v. Rothwell, 66 N. Y. Sup. 242; Baumann v. Pinckney, 118 N. Y. 604, 23 N. E. 916; Appleton v. Donaldson, 3 Pa. St. 381; Behaly v. Hatch, Walker, 369, 12 Am. Dec. 570; Johnson v. Cranage, 45 Mich. 14; Brewer v. Fleming, 51 Pa. St. 102; Adams v. Helm, 55 Mo. 468; Thorne v. Mosher, 20 N. J. Eq. 257; Borden v. Borden, 4 Am. Dec. 32; Lambert v. Miller, 38 N. J. Eq. 117; Ashburn v. Poulter, 35 Conn. 553.

Tender was kept good. C. L. 1897, sec. 2685; Cheney v. Libby, 134 U. S. 68, 33 L. Ed. 825; 74 Fed. 52, 20 C. C. A. 291, 36 U. S. App. 720; Curtis v. Greenbanks, 24 Uah 536; Parker v. Beasley ,116 N. C., 1 L. R. A. 231; German-American Ins. Co. v. Johnson, 45 Pac. 975; Durham v. Linderman, 64 Pac. 17; Cain v. Gimon, 36 Ala. 168; Breitenbach v. Turner, 18 Wis. 140.

Redemptioner is not required to go without the jurisdiction to redeem. Southworth v. Smith, 61 Mass. 393-4; Borden v. Borden, 5 Mass. 67; Gilmore v. Holt, 4 Pick. 258; Tasker v. Bartlett, 5 Cush. 359; Putnam v. Sullivan,

4 Mass. 45; Widgery v. Monroe, 6 Mass. 449; Hale v. Burr, 12 Mass. 86; Lehman v. Collins, 69 Ala. 127; Houbie v. Colkening, 49 How. Prac. 169; Morton v. Wells, 1 Tyler, (Vt.) 381; Hale v. Patton, 60 N. Y. 233, 19 Am. R. 168.

Court erred in sustaining defendant's objection to questions on cross-examination. In re Mason, 60 Hun. 46, 14 N. Y. Sup. 434; Jackson v. Feather River & Co. Co., 14 Cal. 18; Wilson v. Dunreath Red Stone Q. Co., 77 Ia. 429, 42 N. W. 360, 14 Am. St. R. 304; Lynch v. Free, 64 Minn. 277, 66 N. W. 973.

W. H. WINTER, El Paso, Texas, for appellee.

A tender to be valid must be made in good faith. Pulsifer v. Shepard, 36 Ill. 513; Knight v. Abbott, 30 Vt. 577; Dock v. Brason, 91 Pac. 1068; McPherson v. Wiswell, 21 N. W. 391; Grace v. Means, 59 S. E. 811.

Person to whom tender is made must be given reasonable time to make calculations before accepting or making suggestions. Enc. of Ev., p. 492; Potts v. Plaisted, 30 Mich. 149; Lefferts v. Dolton, 56 Atl. 527.

Plaintiff demanded immediate release of property, which, under the circumstances, showed that tender was not made in good faith. Malone v. Wright, 34 S. W. 455; Moore v. Norman, 43 Minn. 428; Tuthill v. Morris, 81 N. Y. 94; Story v. Krewson, 55 Ind. 397; Mulder v. Seelye, 8 Barb. 408; Nelson v. Robson, 17 Minn. 284; 11 Cyc. 1337, note 78; Moore v. Norman, 18 L. R. A. 259.

Tender bad because conditioned upon a reconveyance. Tuthill v. Morris, 81 N. Y. 94; Lilienthal v. McCormick, 117 Fed. 96.

Tender must be full, clear and satisfactory—offer to pay not sufficient and not conditioned. Potts v. Plaisted, 30 Mich. 149; Knight v. Abbott, 30 Vt. 577; Lilienthal v. McCormick, 117 Fed. 89; Beardsley v. Beardsley, 86 Fed. 20; Robinson v. Cook, 6 Taunt. 336; L'Hommedieu v. Dayton, 38 Fed. 926; Coghlan v. South Car. R. Co., 32 Fed. 316; Perkins v. Beck, 4 Cranch. C. C. 68; Harden v. Dollins, 138 Ala. 399, 35 So. 357, 100 Am. St. R. 42;

Commercial Fire Ins. Co. v. Allen, 80 Ala. 571; Jones v. Shaey, 40 Pac. 17; Perkins v. Maier & Zobelin Brewery, 134 Cal. 372, 66 Pac. 482; Barnhart v. Fulketh, 73 Cal. 526, 15 Pac. 89; People v. Harris, 9 Cal. 571; Butler v. Hinckley, 17 Colo. 523, 30 Pac. 250; Mitchell, v. Pierson, 34 Colo. 278, 82 Pac. 446; Sands v. Lyon, 18 Conn. 18; Sanford v. Bulkey, 30 Conn. 344; Hall v. Norwalk Fire Ins. Co., 57 Conn. 105, 17 Atl. 356; Chandler & Wittich v. Wright, 16 Fla. 510; Morris v. Continental Ins. Co., 116 Ga. 53, 42 So. 474; Elder v. Johnson, 115 Ga. 691, 42 S. E. 51; DeGraffenreid v. Menard, 103 Ga. 651, 30 S. E. 560; Hess v. Peck, 111 Ill. App. 111; Conn. Mut. Life Ins. Co. v. Stinson, 86 Ill. App. 668; Berger v. Peterson, 78 Ill. 633; Pulsifer v. Shepard, 36 Ill. 513; Martin v. Bott, 17 Ind. App. 444, N. E. 151 Bowen v. Julius, 141 Ind. 310, 40 N. E. 700; West v. Farmers Mut. Ins. Co., 117 Ia. 147, 90 N. W. 523; Shuch v. C. R. I. & P. R. Co., 73 Ia. 333, 35 N. W. 429; Hopkins v. Gray, 51 Iowa 340, 1 N. W. 637; Kuhns v. Chicago, M. & St. P. R. Co., 65 Ia. 528, 22 N. W. 661; Latham v. Hartford, 27 Kans. 249; Loeing v. Cooke, 3 Pick. 48; Thayer v. Brackett, 12 Mass. 450; Richardson v. Chemical Lab., 9 Metc. 42; Potts v. Plaisted, 30 Mich. 149; Moore v. Norman, 43 Minn. 428, 9 L. R. A. 55; Harmon v. Magee, 57 Miss. 410; Henderson v. Cass County, 107 Mo. 50, 18 S. W. 992; McElden v. Patton, 93 N. W. 938; Schrant v. Young, 62 Neb. 254, 86 N. W. 1085; TePoel v. Schutt, 57 Neb. 592, 78 N. W. 288; Whittaker v. Belvidere Roller-Mill Co., 55 N. J. Eq. 674, 38 Atl. 289.

If, accompanying tender, there is a demand either express or implied of a receipt in full, it will not be a sufficient tender. Sanford v. Bulkley, 30 Conn. 344; Lindsey v. Matthews, 17 Fla. 575; Richardson v. Chemical Co., 50 Mass. 42; Dodge v. Brewer, 31 Mich. 227.

Party making tender cannot impose condition. Noyes v. Wykoff, 114 N. Y. 207; Beardsley v. Beardsley, 86 Fed. 22.

Statute shows that tender must be unconditional. C. L. 1897, sec. 3126.

Where there is a dispute as to the amount that is due, the debtor cannot demand a. release or a receipt in full. Noyes v. Wykoff, 114 N. Y. 207; Henderson v. Cass County, 18 S. W. 992; Beardsley v. Beardsley, 86 Fed. 22; Loring v. Cooke, 3 Peck. 48; Richardson v. The Boston, etc., 50 Mass. 52; Sanders v. Bryer, 9 L. R. A. 255, 152 Mass. 141; Welch v. Adams, 9 L. R. A. 244, 152 Mass. 74 and cases cited above.

Statutes of redemption are construed strictly. Kneely v. Sanders, 99 U: S. 441, 25 L. Ed. 328; Parker v. Dacres, 130 U. S. 43; Lynch v. Burt, 132 Fed. 429; Parker v. Dacres, 130 U. S. Sup. 43; State v. O'Connor, 6 N. Dak. 285, 69 N. W. 692; Cameron v. Adams, 31 Mich. 426; Ladd v. Mason, 10 Ore. 308; Loring v. Cook, 3 Pick. 48; Noyes v. Wykoff, 114 N. Y. 204.

Must have the money to make valid tender. Ladd v. Mason, 10 Ore. 308; Leask v. Dew, 92 N. Y. Sup. 891; Selby v. Hurd, 16 N. W. 180; Lilienthal v. McCormick, 117 Fed. 96; DeWolfe v. Taylor, 33 N. W. 154; Enc. of Evidence 12, 499.

Burden is upon the person pleading tender. Davies v. Dow, 83 N. W. 50; Pulsifer v. Shepard, 36 Ill. 513; Otis v. Boston, 10 N. H. 433; King v. Finch, 60 Ind. 420; Benson v. Howe, 47 N. W. 449; Butler v. Hannah, 15 So. 641; Engle v. Hall, 17 N. W. 239; Proctor v. Robinson, 35 Mich. 284.

To establish tender the party bearing the burden must show the production and proffer of the money. Enc. of Evidence, vol. 12, p. 482; McCally v. Otey, (Ala) 42 Am. St. R. 90; Arrowsmith v. VanHarlingen Exs., 1 N. J. L. 26; Tuthill v. Morris, 81 N. Y. 94.

Appellant could not demand that the property be fully released. 11 Cyc. 1337, note 38 and cases cited.

There being evidence to support the finding of the lower court, and when the preponderance of the evidence shows that no tender was made, the judgment of the court below will be sustained on appeal. Scheurman·v. Slyninger, 90 N. W. 292; Leach v. California, 66 Pac. 786; Moyle v. Hocking, 51 Pac. 533; Com. Bank v. Liewaller, 46 Pac.

1020; Randall v. Shaw, 28 Kans. 419; Natl. Mort. Co. v. Lash, 47 Pac. 548; Flynn v. Wacker, 52 S. W. 342; Stamm v. Albuquerque, 62 Pac. 973; Eastman v. Gurrey, 49 Pac. 310; Sabin v. Bushe, 37 Pac. 352.

Mere written proposal of payment, unaccompanied with production of the sum of money, is not good tender. Angier v. Building Assn., 35 S. E. 64; Cheilorick v. Krauss, 11 Pac. 781; Kuhns v. Ry Co., 22 N. W. 661; Court v. Johns, 53 Pac. 601; Holt v. Brown, 19 N. W. 235; Hyams v. Bomberger, 36 Pac. 202; Shugart v. Pattee, 37 Iowa 432.

The party making the tender must place the money in such a position that his control over it is relinquished for a sufficient time to enable the other party to reduce it to possession by merely reaching out and laying hold of the money. Sands v. Lyons, 18 Conn. 18.

Adequate and, definite sum not tendered. Knight v. Abbott, 30 Vt. 577; State v. Spicer, 4 Houst. (Del.) 100.

Formal technical tender not dispensed with. Lowe v. Harwood, 29 N. E. 538; Brown v. Davis, 138 Mass. 458; Crist v. Amour, 34 Barb. 378; Frost v. Clarkson, 7 Cow. 24.

Party making tender must seek the other party and make tender where he can be found. Leahman v. Moore, 9 So. 590; Bancroft v. Tawin, 9 N. E. 539; Leird v. Smith, 44 N. Y. 618. Debtor must make inquiry. Bigsby v. Whitney, 5 Me. 192; White v. Perley, 15 Me. 470.

Tender on condition. Hepburn v. Auld, 1 Cranch. 321; Perkins v. Bank, 19 Fed. Cas. 10984; Comm. Co. v. Allen, 1 So. 202; Jacoway v. Hall, 57 S. W. 12; West v. Ins. Co., 90 N. W. 523; Sanford v. Bulkley, 30 Conn. 344; Holton v. Brown, 46 Am. Dec. 148.

Waiver of tender cannot be established by requiring appellee to state whether, if made, he would have received it. Bluntzer v. Dewese, 15 S. W. 29.

Tender of larger amount than is due, coupled with an express or implied request for change, is bad. Patterson v. Cox, 25 Ind. 261; Perkins v. Beck, 19 Fed. Cas. 10984.

No error in sustaining objection to cross-examination.

Wills v. Russell, 100 U. S. 621; Houghton v. Jones, 17 L. Ed. 503; Foster v. U. S., 178 Fed. 169; Northern Pac. v. Urlin, 158 U. S. 271.

### STATEMENT OF FACTS.

This case arises out of a sale of certain mining property by the Sheriff of Sierra County, under a writ of *venditioni exponas*, who conveyed the same to the Shandon Mining Company on October 17th, 1907. On September 21st and 22nd, 1908, William Palmer, Jr., a stockholder of the plaintiff corporation, appellant here, took certain steps looking to the redemption of said mining property from the sheriff's sale referred to, which, as testified to by Palmer, were as follows:

"I presented Mr. Parker with a written proposition for redemption and took the money and told him, as president of the Union-Esperanza Mining Company, I made a tender on behalf of that Company to the Shandon Mining Company for the mining claims named, the ones that his company had bought at Sheriff's sale, October 19th, 1907. I took the money out and showed it to Mr. Parker—"

Palmer also testified that he offered the amount they were legally entitled to, which he understood to be "the amount they paid at the sheriff's sale, and interest at the rate of 6% per annum." He testified that he said he would be willing to pay for any assessment work done upon the claims in 1907 and 1908; that he had $3000.00 in actual cash; that he wanted the property released; that on the 10th day of October, 1908, he made a tender to Mr. Doran, as statutory agent of the Shandon Mining Company, at Shandon, New Mexico, but without describing the nature of such tender other than his statement that "I said to Mr. Doran what I said to Mr. Parker, using the same language."

The written proposal referred to is as follows:

"El Paso, Texas, September 21, 1908.
"Mr. Morris B. Parker,
"Vice President Shandon Mining Company,
"or James H. Parker, General Manager and Treasurer,
"Shandon Mining Company, El Paso, Texas.
"Dear Sir:—

"As president of the Union-Esperanza Mining Company, and on behalf of said Company, I hereby tender you the money due in order that the Union-Esperanza Mining Company may redeem from the Shandon Mining Company, the Placer Mining Claims which the said Shandon Mining Company bought at Sheriff's sale on the 19th day of October, A. D. 1907, that is to say, the San Miguel; the Union; the Esperanza and the Cayuga Chief Placer Mining Claims, situated near Apache Canon, Sierra County, New Mexico.

(Signed) "Wm. Palmer, Jr.,
"President Union-Esperanza Mining Company."

Mr. Palmer also testified that he would not have delivered the money unless the defendant corporation had released the property or conveyed it by deed to the plaintiff corporation; that he offered $2200.00 and pay for the assessment work, that Parker demanded $3200.00.

The witness, Merrell, accompanied Palmer on two occasions when the alleged tender was made by Palmer, to Parker, but in his testimony could not state that Palmer had any definite sum of money, other than that on the first occasion he had two thousand dollars. He further testified that Palmer demanded the deed and said he was ready to pay the money on surrendering the deed. Mr. James H. Parker, an officer of the Shandon Mining Company, to whom the alleged tender was made, testified that Palmer did not offer or tender any money to him for the redemption of the property at the time of his first visit to him; and, that amounts mentioned by the witness were not acceptable to Parker; that he informed Palmer that the officers of the Company were in West Virginia and it would be necessary to consult them, which he would do by

wire; that Mr. Palmer demanded a deed and it was impossible for him to give one; that Palmer returned again, the same day, after arrangements were made to have the attorney for the Shandon Mining Company present, on which occasion Palmer was repeatedly told to get his money, and stated that he did not have it with him; that on the following morning another meeting was had, when Palmer again demanded a release and deed to the property, taking what the witness supposed was some money from his right hand pocket, putting it in his left hand and then putting it into his left hand pocket. The alleged tender by Palmer, as testified to by this witness, was in this language:

"I want a deed; I want it now and will give you three days to get the deed; when you give me the deed I will give you the money, whatever is necessary."

According to this witness the entire matter hinged upon a release in full, which the witness was unwilling to give unless reimbursed for certain expenses incurred since the sheriff's sale.

Mr. W. H. Winter testified that he was attorney for the Shandon Mining Company, at the time of the alleged tender by Palmer, concerning which he testified as follows:

"Mr. Parker told me Mr. Palmer had come there and stated he wanted to redeem the property; he had refused to fix any amount he was willing to tender, and that Mr. Palmer wanted a deed for the property and also wanted a statement from the company as to all the sums that had been paid out at the execution sale, and wanted a release in full of all the amounts due. I told Mr. Palmer at that time that I was authorized to act for the company in that matter and any tender he wanted to make he should make to me. I also stated, at that time, that unless he paid the full amount to the company, the company would not give him a release in full for all that had been paid out on the property; that if he wanted he could make a tender of the amount he claimed was due and the matter of the deed would have to be taken up with the officers of the company * * * * that I had no authority to execute the

deed. Mr. Palmer talked on about a great many matters and stated he thought he ought to be permitted to redeem the property upon payment of the amount that was paid out at the execution sale, with interest, and that we ought to give him a receipt in full of all claims which we made by reason of having paid out money on the property, or otherwise. I told him that we could not do it; that I was authorized to receive the tender, but not to execute a receipt in full. * * * * finally I did say, 'Mr. Palmer, I will be here in the morning, if you are not ready to make the tender now. I will be in my office tomorrow all day.' He said he was going to remain over, that he could see me there any time and then he kept on talking about having the money and paying it out to redeem the property and finally I did say, 'Mr. Palmer, get the money; the money looks good to the Company,' or words to that effect. Mr. Palmer has never at any time made any tender to me. He has never asked for a deed since that evening, but did at that time demand both a deed and receipt in full for all sums that the company had paid out."

The trial court found that the plaintiff failed to redeem the property within the time required by law, and further that plaintiff failed to make a legal tender to the defendant of any money necessary to redeem said property from the sheriff's sale.

This suit was brought to redeem the property described in the complaint and concerning which the alleged tenders were made, and was tried by the court without a jury, the judgment being for the defendant company, from which said judgment this appeal was taken.

## OPINION OF THE COURT.

HANNA, J.—Numerous assignments of error are made, but this case is primarily dependent upon the sufficiency, or insufficiency of the alleged tender, said to have been made by Mr. Palmer for the purpose of redeeming the property described in the complaint in this case from the Sheriff's sale of October 17th, 1907.

It is argued by appellant that our statute governing the

redemption of land sold at execution sale contemplates a tender of the purchase money paid at the sale with legal interest thereon, coupled with the demand for a release, or a conveyance in case the land has been conveyed, and, that such conditional tender is a good tender. We quote in full the statute referred to, as it appears in the Compilation of 1897:

"Sec. 3126. When any property shall be sold subject to liens and encumbrances, the purchaser may pay the liens and encumbrances and hold the property discharged from all claims of the defendant in execution; but the defendant may redeem the property within one year after the sale thereof, paying to the purchaser, his heirs or assigns, the purchase money with interest; when redeemed the purchaser shall have the growing crops, and shall not be responsible for rents and profits, but he shall account for wastes."

The portion of the foregoing statute with which we are now concerned is the provision for redemption within one year upon the re-payment of purchase money with interest. Had the appellant, through its agent, made its tender of the purchase money with legal interest without attaching the conditions thereto concerning which there seems to be little question, this case would present little difficulty in its solution.

There is no dispute as to the fact that Mr. Palmer demanded a release or a conveyance and that he was informed it could not be given at the time. There is also no doubt that the amount necessary to redeem was in dispute between the parties.

We find no convincing proof that any tender, in good faith, of any definite sum of money was ever made. There is clear and convincing evidence that Mr. Palmer's demand at the time of his alleged tender was that the property be released as to all claims or demands in favor of the defendant company.

In the case of Moore v. Norman, 52 Minn. 83, 18 L.R.A. 359, it was stated as a general proposition, applicable at least where it appears that a larger sum than that tendered

is in good faith claimed to be due, that the tender is not effectual as such if it be coupled with conditions; that an acceptance of it, as tendered, will involve an admission by the party accepting it, that no more is due. The evidence of two witnesses for appellee is clear and, in our opinion, stands uncontradicted, that a release in full was demanded as a condition of the alleged tender. This condition would bring the present case within the principle quoted. It is laid down in Cyc., vol. 38, p. 152-154,

"The money or things to be delivered must be tendered unconditionally, and a tender accompanied with some con· dition, performance of which is impossible, or which the tenderer has no right to make, as where a sum is offered as a settlement, or in full discharge, or as payment in full, is invalid." Hess v. Peck, 111 Ill. App. 111; Conn. Mut. Ins. Co. v. Stimson, 68 Ill. App. 668; Butter v. Hinckley, (Colo) 30 Pac. 250; 2 Greenl. Ev., sec. 605; Sanford v. Bulkley, 30 Conn. 344; Lindsey v. Mathews, 17 Fla. 575; Richardson v. Chemical Co., 50 Mass. 42.

Much has been said in the briefs of this case concerning the construction of the statute of redemption, quoted above as sec. 3126, C. L. 1897, and we will briefly refer to this question.

As a general rule we agree that a statutory right of redemption is to be favorably regarded, but, it is a statutory right that is not to be enlarged by judicial interpretation. We cannot extend the time allowed for redemption nor waive any condition attached by the statute.

In State v. O'Conner, (N. D.) 69 N. W. 692, it is laid down that the right of redemption is created by statute and the beneficiary of such legislation must take the privilege burdened with all its restrictions.

In the case at bar the attempt to impose conditions upon the alleged tender was an enlargement of the statutory right of redemption and invalidated the tender.

In our opinion, there were at least two conditions attached to the tender, first the demand for a deed, second the demand that the property be released of all demands against it. It was proved that certain sums had been

spent upon the property subsequent to the Sheriff's sale, and we readily see that other interests in the property other than the one growing out of the Sheriff's sale might have accrued and that a release of all demands would clearly so enlarge the redemption statute as to confer rights clearly not within the contemplation of the legislature.

Finding no error in the record, the judgment of the District Court is affirmed, and it is so ordered.

Chief Justice Roberts disqualified.