## RUDOLPH v. HERMAN.

1. A purchaser at a mortgage foreclosure sale by advertisement has only such rights as are specially given him by statute. The provision of Section 5159, Comp. Laws, which says: "The purchaser from the time of the sale until a redemption, and a redemptioner from the time of his redemption until another redemption, is entitled to receive from the tenant in possession the rents and profits of the property sold, or the value of the use and occupation thereof,"—has no application to sales made at a mortgage foreclosure either by advertisement or by action. Kellam, J., dissenting.

2. Where a statute creates a liability where otherwise none exists, or increases a common-law liability, it will be strictly construed. Courts will not extend or enlarge the liability by construction, nor will they go beyond the clearly expressed provisions of the act. The intention of the legislature is to be gathered from the words of the statute if plain and unambiguous, and courts in construing them will confine themselves to the provisions of the law.

3. If the right of possession under the statute remains in and belongs to the mortgagor during the year of redemption, as well as the legal title, then the rents and profits from the premises during that period must be his also. Rents and profits of real property are the fruits of possession, otherwise the right of possession which the statute expressly gives to the mortgagor would be of little or no value, and a clear provision of the law would become nugatory, and its beneficial intentions towards the mortgagor be entirely defeated.

(Syllabus by the Court. Opinion filed November 24, 1893.

Appeal from circuit court, Lincoln county. Hon. F. R. AIKENS, Judge.

Action by the successor in interest of a mortgagor to recover from a purchaser at a foreclosure sale rent for the real property covered by the mortgage during the year of redemption. To an answer setting up the making of the mortgage, a sale thereunder, and the purchase by the defendant plaintiff demurred. The demurrer was overruled and plaintiff appealed. Reversed.

*M. E. Rudolph*, for appellant.

The rents and profits of real property accruing between the day of sale and the delivery of the deed under foreclosure proceedings belong to the owner of the equity of redemption. 1 Jones on Mortgages, §§ 669, 670, 771, 772; 2 Jones on Mortgages, §§ 1120, 1659, 1661; Wiltsie on Mortgage Forcl., §§ 11, 575, 588; 2 Wash. on R. Prop. § 137; Teal v. Walker, 111 U. S. 242; Mills v. Hamilton, 49 Ia. 105; Mills v. Heaton, 2 N. W. R. 1112; Patton v. Vargo, 39 N. W. R. 647; Mitchell v. Bartlett, 51 N. Y. 447; Chency v. Woodruff, 45 N. Y. 98; Whalin v. White, 25 N. Y. 462; Moore v. Titman, 44 Ill. 367; Miss. Valley, etc., v. Express Co., 81 Ill. 543; Mayo v. Fletcher, 14 Pick. 525; Scott v. Ware, 65 Ala. 174; Taliaferro v. Gay, 78 Ky. 496; Reeder v. Dargan, 15 S. C. 175.

A defendant against whom an action is brought upon contract cannot avail himself in his answer of the defense, or claim of a third person for the same debt without making such person a party to the suit. Comp. Laws, § 4887; 1 Wait's Prac.

168; Hall v. Craig, (Ind.) 25 N. E. Rep. 538; Mansfield v. Shipp, (Ind.) 27 N. E. R. 427; McDavitt v. Sullivan, 8 Cal. 592.

*R. B. Tripp,* for respondent.

A purchaser at a foreclosure sale of real property under a mortgage, is entitled to the rents and profits during the year of redemption. Sec. 5159 Comp. Laws; Sec. 5421 Comp. Laws; Clement v. Shipley, 51 N. W. Rep. 414; McMillon v. Richards, 9 Cal. 412; Gross v. Fowler, 21 Id. 395; Stout v. Macy, 22 Id. 650; Guy v. Middleton, 5 Cal. 392; Reynolds v. Yathrop, 7 Id. 43; Harris v. Reynolds, 13 Id. 515; Hill v. Taylor, 22 Id. 191; Walker v. McCusker, 71 Cal. 594, 12 Pac. Rep. 723.

BENNETT, P. J. On the 1st day of June, 1889, F. L. Driggs was the owner of and in possession of a livery barn situated on lots 1 and 4 of block 18 of Hill's addition to the city of Canton, S. D. On that day he leased said barn to M. H. Herman, the defendant, until the 1st day of February, 1891, for the monthly rental of $18, payable to said F. L. Driggs on the first day of each month in advance. Under the lease the defendant took possession of the property as Driggs' tenant. On the 8th day of January, 1890, the said Driggs duly assigned all his right, title, and interest in and to the lease, and to all the rents and profits accruing thereunder, to Martin E. Rudolph, the plaintiff. A notice of this assignment was given to the defendant, who agreed to pay the rents from that date to the plaintiff. Thereafter there became due the sum of $36 as rent for the months of February and March, 1890, which, upon demand made upon defendant, was not paid. Upon these facts suit was brought to recover the amount. To the complaint an answer was filed setting up the following defenses: (1) A general denial of all the facts. (2) Defendant states that on the 22d day of November, 1888, F. L. Driggs, plaintiff's assignor, mortgaged the premises to secure a money obligation entered into by the said Driggs, which mortgage was duly recorded on the 24th day of November, 1888. That said mortgage provided that if the said

Driggs failed to perform the obligations contained in said mortgage the mortgagee might sell the same by advertisement, or as otherwise provided by law. That thereafter the said F. L. Driggs made default in the performance of his obligations, and the premises so mortgaged were duly sold by the sheriff on the 11th day of January, 1890, to one Margret Herman, and he issued a certificate of sale to her, and she is the owner and holder of it. Immediately after the sale and receipt of the certificate the said Margret Herman notified the defendant that she was entitled to the rents and profits arising under the lease which should accrue since the 11th day of January, 1890, and threatens to sue the defendant should she refuse to pay them to her. That he is ready and willing to pay the same to the party entitled thereto. To the second defense the plaintiff demurred upon the ground that the facts stated do not constitute a defense or counterclaim to the action, which demurrer was overruled by the court, and plaintiff appeals.

The only question arising on the appeal is, who is entitled to the rents during the redemption period, the purchaser at the foreclosure sale or the mortgagor? A purchaser at a mortgage foreclosure by advertisement has only such rights as are specially given to him by statute. It is, however, insisted there is a statute regulating it, and giving the purchaser at foreclosure sale the rents and profits during the redemption period. The only provisions of the statute relating to a purchaser's right to the rents and profits of the premises purchased during the period of redemption are contained in Section 5159, Comp. Laws, which is in part as follows: "The purchaser from the time of the sale until redemption, and a redemptioner from the time of his redemption until another redemption, is entitled to receive from the tenant in possession, the rents and profits of the property sold or the value of the use and occupation thereof." The question, then, naturally arises whether this section has any application to sales made at a mortgage foreclosure, either by adver-

tisement or by action. Section 5421 of the chapter entitled "Foreclosure of Mortgages" provides that "the property sold may be redeemed within one year from the day of sale, in like manner and to the same effect as provided in Chapter 13 of this code for redemption of real property sold upon execution so far as it may be applicable,  *  *  *  and the mortgagor and his successor in interest has all the rights of the judgment debtor and his successor in interest." Section 5159 is a part of Chapter 13, entitled "Of the Execution of the Judgment in Civil Actions," while Section 5421 is a part of Chapter 28, entitled "Foreclosure of Mortgages." It will be noted that neither § 5421 nor any part of the chapter in which it is found provides that the chapter on execution sales shall be applicable to foreclosure sales made under a mortgage; but what it does provide is that the property sold under foreclosure proceedings "may be redeemed in like manner and to the same effect as provided in Chapter 13 for the redemption of real property sold upon execution;" thus clearly making it applicable only so far as the redemption is concerned, and not applying to the foreclosure the right to rents and profits during the period of redemption. So, when a redemption takes place, the effect of the foreclosure sale, so far as the rights of the purchaser are concerned, is at an end. § 5421 applies the law of Chap. 13 only so far as redemption is concerned. If it were otherwise, the law-makers would have made the section to read the mortgaged property may be "sold," instead of "redeemed," as the statute has it, in like manner and to the same effect as property sold under execution. But this is not the language of the statute. Section 5159 has reference only to sales under judgments obtained in civil actions. If it could be construed to apply to mortgage foreclosures made by advertisement, then the mortgagor could claim his exemptions, as these are given under the chapter on execution sales, the same as the rights to the rents and profits of the land during the period of redemption. The right of redemption and the right to rents and profits during the year of redemption are statutory rights, and

are innovations on the common law. Section 4521, in regard to mortgage foreclosures, expressly gives the right of redemption, but that chapter does not give the right to the purchaser of the rents and profits during the term of redemption, as does Chapter 13, § 5159, in regard to sale under execution. This clearly indicates that the intention of the legislature was to leave the rents and profits as well as the possession of the land in the hands of the mortgagor, down to the period of redemption, for, under § 5431, it is clearly provided that in no case under this chapter shall the possession of the premises so sold be delivered to the purchaser or person entitled thereto until after the expiration of one year from such sale.

The respondent, to support his position, cites several decisions from the supreme court of California. These decisions were rendered under the peculiar statutes of that state relating to "mortgage foreclosures." Section 726 of the Code of Civil Procedure of California is as follows: "There can be but one action for the recovery of any debt or the enforcement of any right secured by mortgage upon real estate or personal property, which action must be in accordance with the provisions of this chapter." Under the statute of South Dakota the action at law upon the debt and the action in equity to foreclose the mortgage are distinctly recognized and allowed. Comp. Laws, §§ 5430, 5432, 5435. Under the California statute the action at law upon the debt and the suit in equity to foreclose the mortgage is done away with, and a new and exclusive action under their code is substituted in place of both; and it is held by their courts that an action will not lie upon a note or mortgage except as provided under that chapter. Bartlett v. Cottle, 63 Cal. 366. Biddel v. Brizzolara, 64 Cal. 362, 30 Pac. Rep. 609; Brown v. Willis, 67 Cal. 235, 7 Pac. Rep. 682. Under the provisions of Chapter 28 of our code, relating to the foreclosure of mortgages, it is made an essential prerequisite that no action or proceeding at law shall have been instituted to recover the debts secured by such mortgage, or, if there has, that an exe-

cution upon the judgment has been returned unsatisfied in whole or in part. Comp. Laws, §§ 5412, 5435. This would seem to indicate that the provisions of Chapter 28 for foreclosing mortgages are not applicable to actions at law, and not to be affected by the provisions of Chapter 13, which relate to the levy upon and sale of property under execution, without an express statute to that effect. The California statutes contain but three sections, and prescribe a new and exclusive action. The chapter under our code relating to the same subject contains 38 sections, which we think retain the equitable character and proceeding in mortgage foreclosures in plain distinction from actions at law upon the debt; and while, under the peculiar provisions of the California statute, the purchaser may have the rights to the rents and profits of the mortgaged premises during the period of redemption, we think under ours the owner of the equity of redemption has the benefit of them until the purchaser acquires the sheriff's deed. Our legislature, while almost bodily adopting the same Code of Civil Procedure of the State of California, has utterly and completely rejected its law upon the procedure in foreclosure of mortgages, and any decision based upon it can have no binding force upon us as an adjudication upon that question. A foreclosure of a mortgage upon real estate by advertisement is unknown in that state. On the other hand, in this state an action at law upon the debt and an action to foreclose the mortgage are two separate and distinct proceedings.

The respondents also rely upon the case of Clement v. Shipley, 2 N. D. 430, 51 N. W. Rep. 414, in which the supreme court of that state consider and construe the same statute. The facts in this case are very similar to those in the case at bar, yet the court has come to a conclusion contrary to ours. It will therefore be necessary to review somewhat this decision. The court starts out by saying that Section 5159, Comp. Laws, provides that the "purchaser from the time of the sale * * *

is entitled to receive from the tenant in possession the rents of the property sold." This quotation is taken from the chapter of the Code of Civil Procedure which governs sales under execution, and the sale referred to in our opinion means no other sale, so far as the quotation is concerned. It is true, a sale of real estate made under an execution is subject to a statutory redemption, and the statute does expressly give the right to the rents and profits during the redemption period to the purchaser under such sale. Yet this provision cannot govern other sales, made under different provisions of the statute, and for other purposes, where the right of redemption exists, unless made so by express or implied authority. The court, however, says, "It is not true that Section 5159 relates exclusively to execution sales." The only reason assigned for the declaration is that "we find on examination of Section 5150 that the purchaser is one who buys property sold subject to redemption." This, we think, cannot be true. Lands sold for the collection of taxes are, under our statute, subject to redemption, (Comp. Laws, § 1635;) and we hardly think the learned supreme court of North Dakota would hold that a purchaser at a tax sale was entitled to the rents and profits of the lands purchased at a sale made by the treasurer for delinquent taxes; yet, if this opinion is correct, and the meaning of the word "purchaser" in Section 5150 "is one who buys property sold subject to redemption," a purchaser under a tax sale would have this right. Section 5150 is in the same article and chapter with Section 5159, and, in our opinion, can only refer to the subject treated of in that chapter, which relates entirely to execution sales. The phrase, "subject to redemption," in Section 5150, refers back to the same phrase in Section 5148 as to what kind of property is subject to redemption under execution sales, and not to the character of the sale. The California supreme court, in Mayo v. Woods, 31 Cal. 269, has declared that Section 5159 of our Compiled Laws, which is identical with Section 707 of their code, "was only intended to prescribe a course of proceedings in civil

cases in the ordinary administration of justice," and consequently did not apply to land sold on execution issued on a judgment recovered for taxes, and that at such a sale the purchaser is not entitled to receive the rents and profits during the period allowed for redemption." Further, the court in the case of Clement v. Shipley, *supra*, says: "It would be extremely technical to hold a purchaser on sale under statutory foreclosure should have no right to recover the rents, while a purchaser on sale under execution · issued on judgment for the mortgage debt, the mortgagee having waived his mortgage lien, and secured a lien on the same premises by judgment, should recover such rents." We think the proposition arises under somewhat of a misapprehension of the right of a purchaser under the chapter on execution and that a purchaser under the chapter on foreclosure of mortgages. Under a common law execution the judgment debtor could at least claim his homestead, and other absolute exemptions made by statute, as exempt from seizure and sale; but this cannot be done under a mortgage foreclosure. It was, therefore, a very proper statutory provision which would allow a mortgagor to retain possession and the right to the rents and profits during the period of redemption.

It may be urged that Subdivision 2, § 5421; Comp. Laws, by its terms shows an intent on the part of the legislature to confer on a purchaser at a mortgage sale the same rights to rents and profits as are given a subsequent creditor or redemptioner. But we think not. The subdivision referred to is as follows: "A creditor having a lien by judgment or mortgage on the property sold, or on some share or part thereof, subsequent to that on which the property was sold, such creditor is termed a redemptioner and has all the rights of a redemptioner under that chapter." That subdivision applies "only to a creditor who has a subsequent lien by judgment or mortgage on the property sold. A purchaser at a mortgage sale, as such, is not a creditor of the mortgagor in the sense in which that term can

be applied. Nor does he as such purchaser, have a lien by judgment, or a mortgage upon the property. Nor can the intention of the legislature be so inferred by any of the well-known rules of interpretation or consruction. It is conceded that whatever rights a purchaser at a mortgage sale has are purely statutory, and where a statute creates a liability where otherwise none exists, or incurs a common-law liability, it will be strictly construed. Cohn v. Neeves, 40 Wis. 393; The Ohio v. Stunt, 10 Ohio St. 582. *In re* Hollister Bank, 27 N. Y. 293. The courts will not extend or enlarge the liability by construction, nor will they go beyond the clearly expressed provision of the act. The intention of the legislature is to be gathered from the words of the statute if plain and unambiguous, and courts in coustruing such statutes will confine themselves to the provisions of the law, and will not embrace cases not in the language of the statute. Suth, St. Cons. § 398. The creditor, as defined under Section 5421, Comp. Laws, has the right of redeeming the property sold, and the section merely gives him, as such creditor, the right of redemption of property sold under execution by virtue of the provisions of Chapter 13. The language of the statute is clearly applicable to the creditor, and not to the purchaser at the mortgage sale. The language is plain and unambiguous. Nowhere in Chapter 28, entitled "Foreclosure of Mortgages," is the purchaser at such sale given the right to rents and profits during the period of redemption, nor is the right given to him by reference to Chapter 13. A large number—perhaps the major part—of all mortgages upon real estate in this state are given upon the homesteads of the mortgagors, and we cannot bring our minds to believe that the legislature ever intended that the use, rents, and profits should inure to the benefit of the mortgagee during the period for which a redemption could be had. The mortgage debt bears interest up to the time a deed is issued or a redemption is made. The rents and profits of real property are the fruits of possession. If the right of possession remains in and be-

longs to the mortgagor during the year of redemption, as well as the legal title, then the rents and profits from the premises during that period must be his also; otherwise the right to possession which the statute expressly gives to and leaves with the mortgagor would be of little or no value, and the clear provision of law would become nugatory, and its benevolent intention towards the mortgagor be entirely defeated, for what would the naked right of possession be worth if the mortgagor must pay full rental value for the use and occupation of the premises. A mortgage is usually given for much less than the property is worth, and the purchaser at the sale generally gets the property for the face of the mortgage or less, and, while the right of redemption and the right to the possession of the premises during the redemption period are statutory, we can see no reason why one should be given, and use and profit exacted for this possession and right. On the contrary, we can see much justice and equity in the other construction, and, so believing, we must hold that the court below erred in overruling the demurrer to defendant's answer. The order of the court below is therefore reversed.

CORSON, J., concurring.

KELLAM, J., *(dissenting.)* Notwithstanding the almost persuasive force of Judge BENNETT'S reasoning in the foregoing opinion, a careful study of the various statutory provisions involved leads me to a conclusion different from that reached by the majority of the court. Of course, the purpose of this inquiry, and of statutory construction generally, is to ascertain the intention of the legislature, and the simple and direct question in this case is, did the legislature intend to discriminate between sales made under a general execution upon a money judgment and sales under a special execution upon a judgment requiring the sale of specific real estate? This was a foreclosure by advertisement, but Section 5428, Comp. Laws, seems intended to make the sale and deed in such case, at least in respect to the

mortgagor, of the same effect as in foreclosure by action; and it is not suggested by either side but that the same rule applies as to rents and profits during the redemption year, whether the foreclosure is by advertisement or by action. Section 5430 provides that the foreclosure may be by action in the circuit court, and in such case the court may render judgment against the mortgagor for the amount due, and order a sale of the mortgaged premises, or so much thereof as may be sufficient to make the amount so adjudged to be due. The judgment is precisely such a judgment as is described in Section 5112, one of the Sections of Chapter 13 on the execution of judgments in civil actions. This section, after providing that a general judgment may be enforced by a general execution, further provides that when a judgment requires the sale of particular property the writ shall recite the material parts of such judgment, and direct the proper officer to execute it by making sale of the property. The sale is to be conducted like a general execution sale, (Section 5436) and the purchaser receives just such a certificate as in a case of general execution sale, (Section 5437.) All these sections severally refer right back to the more general provision regulating sales on executions generally. Property so sold on special execution may be redeemed within one year, as though sold on general execution. Sections 5421, 5447. The property then is sold on execution, and is subject to be redeemed. It is true, as already noticed, that in the sections regulating the foreclosure of mortgages by advertisement and by action, it is specially provided that the property sold may be redeemed, and by whom. This was necessary, because Section 5150, providing for redemption generally, would not technically cover the case of a mortgagor whose equity was foreclosed under the power of sale in the mortgage, for he would not be "the judgment debtor;" but it is noticeable that the these sections, providing for the redemption of property sold under foreclosure, are nearly an exact repitition of the corresponding sections providing for redemption af-

ter sale under general execution with such modifications only as are made necessary by the difference in the character and relations of the parties. I think the legislature intended that property sold to enforce the judgment of the court, whether by general or special execution, should be upon the same footing as to redemption, and that the rights of corresponding parties in each case should be the same. I confess that it would have been more satisfactory if Section 5421 had named the purchaser and definitely declared his rights; but, if the theory just advanced is correct, that it was intended that all property so sold subject to redemption should hold the same status during the redemption period, then it was not necessary to define the rights of a purchaser, because that is done in Section 5129. Section 5421 provides that a creditor holding a lien on the mortgaged property sold may redeem, and that, as such redemptioner, he has all the rights of a redemptioner from a general execution sale under Chapter 13. A redemptioner, under that chapter, is entitled to the rents and profits, (Section 5159;) so then is the redemptioner from a foreclosure sale. But it is inexplicable to me that the legislature should have deliberately intended that the purchaser should not have a right to the rents and profits, but that one redeeming from him should. I can see no reason for so preferring the redemptioner. While not so expressed as to compel that construction, I do not think it would be far fetched to say that the last clause of said Section 5421, reading: "And the mortgagor and his successor in interest has all the rights of the judgment debtor and his successor in interest as provided therein," (Chapter 13,)—was intended to state the measure of such rights as though it read, "has the same rights as the judgment debtor," etc. If it so read there would be little difficulty in reaching the conclusion that the mortgagor's right to rents and profits during the year of redemption was the same as the judgment debtor's, and that is fixed by said Section 5159. It is urged in the opinion that the inconsistency of giving the rents and profits to the pur-

chaser of mortgaged premises against the mortgagor in the face of Section 5431, providing that the mortgagor may retain possession during the redemption year, renders it entirely improbable that the legislature so intended; but why is such inconsistency more apparent in case of the mortgagor whose property is sold than in the case of a judgment debtor whose property is sold? The judgment debtor has the same right to the possession of the premises during the redemption period as the mortgagor, and yet, as against him, the purchaser is expressly given the right to the rents and profits by said Section 5159. I have but little doubt that Section 5159, giving rents and profits to the purchaser, was intended to apply to foreclosure sales under the judgment of the court, and, as already suggested, it is not claimed that the effect of such sale as to either the mortgagor, mortgagee or purchaser is different from that made under the power of sale by advertisement. The statute provides two methods of foreclosure, two ways of accomplishing the same end, and I think the same section (5159) is also applicable to sales made after advertisement, and so gives the right to rents and profits to the purchaser at such sale. Upon the same facts and the same law the North Dakota supreme court so held in Clement v. Shipley, 2 N. D. 430, 51 N. W. Rep. 414, and in several cases the California supreme court has also so held. See Knight v. Truett, 18 Cal. 113; McDevitt v. Sullivan, 8 Cal. 592; Walker v. McCusker, 71 Cal. 594, 12 Pac. Rep. 723. In the opinion of the court Judge Bennett points out the difference between the California procedure and our own for the foreclosure of a mortgage, but I am unable to see why this should control the question under discussion. In each state the mortgage is foreclosed by civil action, and in each case the judgment in respect to the mortgaged premises is the same, and is enforced in the same way. There, as here, the provision giving the purchaser the rents and profits is not a part of the foreclosure law, but is a section of the law regulating general execution sales and redemptions

therefrom, and, as it seems to me, sustains the same relation to their statutory provisions regulating the foreclosure of mortgages as our corresponding section (5159) does to our provisions for mortgage foreclosures. I think the trial court was right in holding the purchaser at foreclosure sale entitled to the rents and profits during the redemption year.