### 17776

Lacy R. HARWELL, Appellant, v. Lucille Wright SCOTT, Individually, and as Administratrix of the Estate of J. C. Wright, Rosenfeld Realty Company, United Finance Company, a Partnership composed of L. M. Palles, Ruth D. Palles, Mitchell D. Palles and Dr. L. M. Palles, Jr., and A. L. Ervin, d/b/a Ervin Engineering Company, Respondents.

(120 S. E. (2d) 106)

*Messrs. Philip H. Arrowsmith* and *David W. Harwell,* of Florence, *for Appellant,*

W. H. Caldwell, Esq., of Florence, *for Respondent, Rosenfeld Realty Co.,*

May 5, 1961.

J. M. BRAILSFORD, JR., Acting Justice.

J. C. Wright died intestate, in November of 1956, seized of several parcels of real estate, including that involved in this controversy. In due course, Lucille Wright Scott, his daughter and sole heir-at-law, was appointed administratrix by the Probate Court for Florence County.

A foreclosure proceeding, prosecuted by Lacy R. Harwell, appellant here, resulted in a deficiency judgment of $1,581.89 against the estate. The foreclosure action was commenced and *lis pendens* filed on January 18, 1958. Deficiency judgment was waived in the original complaint, but was sought by amendment and filed January 10, 1959.

Meantime, on June 19, 1958, before motion to amend the complaint in the Harwell foreclosure was served, Lucille Wright Scott conveyed the real estate in question to Rosenfeld Realty Company, respondent here.

It appearing that the assets of the Wright estate were insufficient to pay her judgment, Lacy R. Harwell commenced this action, in the Civil Court of Florence, against the Rosenfeld Realty Company, to set aside the conveyance, and to sell the property in aid of assets.

She joined as defendants United Finance Company and A. L. Ervin, both of whom had small claims against the estate. Ervin filed no answer and the finance company, by cross bill foreclosed a real estate mortgage, securing its claim. Neither is a party to the appeal.

After reference and report, the court affirmed the finding of the master that the conveyance was supported by a valuable consideration and was a *bona fide* alienation, within the meaning of Section 19-704, Code of Laws 1952.

Perforce this section, land *bona fide* alienated by an heir or devisee, for valuable consideration, before action brought and after the expiration of six months following the death of an intestate or testator, may not be reached by creditors.

The exceptions challenge the decision upon the sole ground that the consideration was "merely nominal and was grossly inadequate in the light of the actual value of the property * * *."

We quote in full the allegations of the complaint relating to the deed:

"7. That on June 19, 1958, the defendant herein, Lucille Wright Scott, by her deed conveyed the above described property to Rosenfeld Realty Company reciting a consideration of One Hundred ($100.00) Dollars and being recorded in Deed Book 187 at page 341. Said deed having been executed after the beginning of plaintiff's heretofore mentioned foreclosure proceeding in which a *lis pendens* was filed and a deficiency judgment was rendered and prior to the closing of the estate of J. C. Wright and the payment of all claims against said estate as shown by Probate Roll 6639 and by reference thereto is made a part of this complaint."

"10. That plaintiff is informed and believes that the only assets of the estate of J. C. Wright which could be applied toward the satisfaction of Plaintiff's deficiency judgment and other unpaid claims filed against the estate of J. C. Wright * * * is the property described in the * * * deed from Lucille Wright Scott to Rosenfeld Realty Company."

The evidence shows, and the court found, that the consideration for the deed was the satisfaction of a $670.00 obligation of the Wright estate, and the payment to the heir of $100.00, a total purchase price of $770.00.

The property in question, described as four lots, fronts some one hundred and fifty feet on Palmetto Street Extension, now United States Highway 301, near the city limits of Florence. It is of irregular shape, having a depth of some one hundred feet on one side, and gradually tapering off to only a few feet on the other.

The appellant offered testimony as to the value of the property, to which respondent made timely objection, upon the ground that it was not relevant to any allegation of the complaint. The testimony was taken subject to the objection and no express ruling as to its competency was made. Nor was a finding made as to the fair market value of the property.

Inadequacy of consideration has never been regarded as a distinct ground for invalidating a conveyance. In a fraud case, it may be of paramount importance in resolving the issue. But the complaint does not allege fraud, nor does it allege any facts from which fraud might be inferred. Therefore, a finding as to the fair market value of the property was not necessary.

It may be that plaintiff proceeded upon the theory that the burden was on the alienee to establish the *bona fides* of the transaction, in order to bring itself within the terms of the statute. Hence, that there was no burden on her to allege and prove fraud.

This case must be decided on its own peculiar facts, and we express no opinion as to whether the burden of establishing good faith is ordinarily on the alienee.

When the conveyance was made, plaintiff did not stand in the shoes of a creditor as to the general assets of the estate. She had formally waived deficiency judgment in her complaint in foreclosure. By doing so, she had, in effect, relinquished any right to pursue the general assets, and had elected to rely solely on her mortgage security.

Her motion to amend came after the deed had been executed and defendant's rights had vested. Its allowance, in-

ferentially, without contest, restored her to the status of a general creditor, but not as to intervening rights.

With respect to this conveyance, her situation is analogous to that of a subsequent creditor. The defendant did not need to invoke section 19-704, *supra,* as a protection against her claim. She could attack the deed only on the ground of fraud, which she had the burden of alleging and proving.

This burden has not been met in either aspect. While the evidence tends to show that there was a great disparity between consideration and value, it also negates any motive to impede creditors.

Affirmed.

TAYLOR, C. J., and OXNER, LEGGE and MOSS, JJ., concur.