## 21521

William E. SELLARS, Trustee, Appellant, v. The FIRST COLONIAL CORPORATION, Charles Marshall Duke, The First National Bank of South Carolina, Trustee, and Fred D. Meetze, Defendants, of whom The First National Bank of South Carolina, Trustee is Respondent.

(280 S. E. (2d) 805)

*Michael W. Tighe* and *James S. Chandler, Jr.,* Callison, Tighe & Rush, Columbia, *for appellant.*

*James W. Rion* and *J. Reese Daniel* of Daniel & Daniel, Columbia, *for respondent.*

July 21, 1981.

LITTLEJOHN, Justice:

At issue is which of two mortgagees is entitled to $2,684.82 representing receivership monies collected during foreclosure proceedings.

Both plaintiff William E. Sellars, Trustee (Sellars), first mortgagee, and defendant The First National Bank of South Carolina (First National), second mortgagee, acquired a lien on property owned by The First Colonial Corporation, the mortgagor. Both mortgages provided the mortgagee the right, upon default of the mortgagor, to have a receiver appointed to collect rents and profits from the property to be applied toward payment of the debt. Upon default, Sellars instituted a foreclosure action against First Colonial and petitioned the court for appointment of a receiver. A receiver was appointed, and $2,684.82 was accumulated from rents, etc., during the pendency of the foreclosure action.

A foreclosure decree was issued, directing (1) that mortgaged property be sold and the proceeds applied in order of priority of liens; (2) that Sellars' mortgage lien of approximately $33,000 had first priority; (3) that "any remaining proceeds, and the proceeds of the receivership, be held pending further Order of this Court"; and (4) that no personal or deficiency judgment was demanded by Sellars. The property was acquired at foreclosure sale by Sellars for a nominal bid substantially less than his mortgage debt. Traditionally in this state, when bidding is not competitive the mortgagee enters a minimum bid in order to save items of cost which are proportionate to the amount of the bid.

After a subsequent hearing to determine entitlement to the receivership proceeds, the master-in-equity determined that these funds were secured by Sellars' senior mortgage and should be applied toward payment on his debt. This finding was appealed by First National to the circuit court, which reversed the master and gave the monies to First National by holding that there arose a conclusive presumption that Sellars' debt was fully paid when Sellars waived deficiency and purchased the property for a nominal bid at the foreclosure sale. Sellars now appeals to this court.

> Generally, a mortgagee is not entitled to the rents and profits from the mortgaged property as a legal incident to, or as a legal right growing out of, his mortgage.

55 Am. Jur. (2d) Mortgages § 211; *Hardin v. Hardin*, 34 S. C. 77, 12 S. E. 936 (1891). However, the general rule may be modified by agreement of parties to the mortgage. 55 Am. Jur. (2d) Mortgages § 217.

"[T]he question whether the mortgagee can, before or pending proceeds for foreclosure, subject the rents and profits of the mortgaged premises to the payment of his debt, depends entirely upon the contract of the parties, as stated in the mortgage. If there is a stipulation therein that the mortgagee shall have a lien upon the rents and profits, as well as upon the land, then of course such lien may be made effective by the appointment of a receiver, under proper allegations and proofs; . . ." *Hardin v. Hardin, supra,* at 937.

Upon lending money to the mortgagor, Sellars demanded and received as security (1) a mortgage creating a lien upon the land, and (2) the right to rents and profits, upon default, by having a receiver appointed. It is apparent, then, that the mortgage terms provided a two-fold collateral to Sellars. Sellars timely perfected his right to the receivership proceeds by petitioning for a receiver, and, since his mortgage lien was senior, he should now be entitled to apply all of his collateral toward satisfaction of his debt. 55 Am. Jur. (2d) Mortgages §§ 1022, 1023; 59 C. J. S. Mortgages § 674(b).

By waiving any deficiency judgment, Sellars did not thereby release any of the collateral secured by his mortgage. e, g., his rents and profits. A mortgagee who chooses to forego a deficiency judgment simply elects to rely solely on the mortgage security for satisfaction of his debt; in other words, he relinquishes only his right to pursue assets of the mortgagor over and above those covered by the mortgage. *Harwell v. Scott,* 238 S. C. 267, 120 S. E. (2d) 106 (1961). The circumstances herein do not involve an attempt by Sellars to collect a deficiency balance, but merely an assertion by him of his full security interest in all the collateral created by his mortgage.

The order of the circuit court is hereby reversed and the case remanded for disbursement of the proceeds to Sellars.

Reversed and remanded.

LEWIS, C. J., and NESS, GREGORY and HARWELL, JJ., concur.