In re Ronald John ZIEGLER and Judy
Lea Ziegler, Debtors.

Ronald John ZIEGLER, Plaintiff,

v.

FIRST NATIONAL BANK OF
VOLGA, Defendant,

and

Federal Land Bank of Omaha,
Defendant-Intervenor.

Bankruptcy No. 485–00012.

Adv. No. 485–0002.

United States Bankruptcy Court,
D. South Dakota.

Sept. 30, 1986.

J. Bruce Blake, Sioux Falls, S.D., for
plaintiff/debtor Ronald John Ziegler.

Curtis E. Wallum, Stuart, Gerry, Grune-
waldt & Wallum, Sioux Falls, S.D., for de-
fendant First Nat. Bank of Volga.

Peter J. Horner, Christopherson, Bailin &
Anderson, Sioux Falls, S.D., for defendant-
intervenor Federal Land Bank of Omaha.

## MEMORANDUM DECISION

PEDER K. ECKER, Bankruptcy Judge.

This case is before the Court on the issue
of whether an assignment of rents clause
contained in a mortgage must be perfected
after default before the mortgagee is enti-
tled to the rents.

## FACTS

The debtors, Ronald and Judy Ziegler,
own approximately 727 acres in Brookings
County, South Dakota. On March 20, 1978,
the debtors entered into a loan transaction
with the Federal Land Bank (FLB). They
executed a variable interest rate note and a
real estate mortgage, which included a
clause assigning to FLB "the rents, issues,
crops and profits arising from said lands"
as further security on the loan.

On June 1, 1983, the debtors executed
and delivered to the First National Bank of

Volga a demand note and a collateral real estate mortgage on the same property in which FLB held a first mortgage. The collateral real estate mortgage also contained an assignment of rents clause.

Sometime in 1983, the debtors defaulted on both notes. On January 31, 1984, the FLB sent a letter to the debtors notifying them that foreclosure had been authorized and declaring the unpaid balance on the note due and payable. On April 12, 1984, FLB served a summons and foreclosure complaint upon the debtors.

In May of 1984, the debtors entered into a written lease agreement with Larry Gruenewald which covered 599 acres of the real estate in which FLB and First National Bank of Volga held mortgages.

On September 7, 1984, the First National Bank of Volga made a demand by letter on Tenant Larry Gruenewald for any rent payments on the Ziegler land based on the rental assignment in the bank's mortgage.

On January 10, 1985, the Zieglers filed a voluntary Chapter 11 bankruptcy petition and, a few days later, commenced the instant adversary proceeding against the bank. The Federal Land Bank intervened, claiming an interest under the rent assignment contained in their mortgage. Pending a determination by the Court as to who is entitled to the rent, Tenant Gruenewald deposited with the Clerk of the Bankruptcy Court the total rent proceeds due on the Ziegler property covered by the lease.

### Bank's Claim

Section 552 of the Bankruptcy Code governs the post-petition effect of security interests. In general, property acquired by the estate or the debtor after the commencement of the case is not subject to any liens resulting from pre-petition security agreements. Subsection (b) outlines an important exception to this rule:

[I]f the security interest created by such security agreement extends to the property of the debtor acquired before the commencement of the case and to proceeds, product, offspring, rents, or profits of such property, then such security

interest extends to such proceeds, product, offspring, rents, or profits acquired by the estate after the commencement of the case to the extent provided by such security agreement and by applicable nonbankruptcy law....

The United States Supreme Court, in *Butner v. United States,* 440 U.S. 48, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979), construing the Bankruptcy Act of 1898, held that "[u]nless some federal interest requires a different result," *id.* at 55, 99 S.Ct. at 918, state law determines whether a mortgagee has an enforceable interest in rents collected between the commencement of bankruptcy and the foreclosure sale of the mortgaged property. In 1984, the Fifth Circuit, in *Wolters Village, Ltd. v. Village Properties, Ltd.,* 723 F.2d 441, 443 (5th Cir.1984), *cert. denied,* 466 U.S. 974, 104 S.Ct. 2350, 80 L.Ed.2d 823 (1984), concluded that *Butner* "is still good law under the Bankruptcy Code of 1978."

In the instant case, however, Section 552 and the cases interpreting it have limited applicability. This is not a situation involving rents which become due post-petition nor one involving continuing post-petition collections. Rather, it is a pre-petition dispute involving rents for the use of farmland for a definite lease term which expired pre-petition. The filing of the bankruptcy petition intervened to prevent final resolution of the dispute between the bank and the debtor under state law. The filing of the bankruptcy petition had no effect other than to fix the rights of the parties as they existed on that date.

Under South Dakota law, the right to collect rents and profits is incident to possession. *Rudolph v. Herman,* 4 S.D. 283, 56 N.W. 901 (1893). Recent case law indicates that a mortgagee may, under an assignment of rents and profits, obtain the right to take and keep possession of the mortgaged premises and to collect the resulting rents and profits until his mortgage is foreclosed. *First Federal Savings & Loan v. Clark Investment Co.,* 322 N.W.2d 258, 261 (S.D.1982). Under certain circum-

stances involving non-homestead property, a mortgagee may apparently even obtain the right to take possession and collect rents during the statutory redemption period. S.D.C.L. § 21–47–17; *Aetna Life Insurance Co. v. McElvain*, 363 N.W.2d 186, 191 (S.D.1985). But the activation of the assignment is not automatic upon default. It is clear from these cases that the mortgagee must take some affirmative action to either obtain actual possession of the mortgaged property or move the state court for appointment of a receiver to collect under its assignment of rents.

■ In the instant case, the bank had not completed the actions necessary to perfect its interest in the rents after the debtors' default by obtaining possession or the appointment of a receiver. Consequently, the bank has no enforceable interest in these rent proceeds under South Dakota law.

### FLB's Claim

Likewise, Federal Land Bank had taken no action to enforce its right to rents under the assignment contained in its mortgage, and, thus, under South Dakota law, FLB's interest in the rents was unperfected when the debtors' bankruptcy petition was filed.

Federal Land Bank argues, however, that a recent case decided by the Eighth Circuit Court of Appeals mandates further analysis with regard to their claim in the instant case. *United States v. Landmark Park & Associates*, 795 F.2d 683 (8th Cir. 1986), is a case which involved the Department of Housing and Urban Development (HUD). HUD claimed a right to rental payments collected by the debtor during its post-petition operation of a mobile home park based upon a clause assigning all rents, profits and income from the park to HUD as part of the security for the loan. HUD attempted to enforce its interest in post-petition rents through the bankruptcy procedures it considered permissible in light of the automatic stay. HUD filed a motion for relief from stay, a motion to prohibit use of cash collateral, a motion for payment of monies for use of property, and

a proof of claim with the loan and mortgage documents attached. HUD was unable to obtain a hearing until eight months after filing for relief from stay. The Court of Appeals concluded that HUD had done all it could to perfect its interest in light of the automatic stay and that, because of the idiosyncrasies of state law and bankruptcy practice, a uniform federal rule is necessary to clarify the means by which a federal lender may enforce its interest in post-petition rents under an assignment of rents. The court held that HUD perfected its interest in rents pre-petition when it recorded the loan documents containing the assignment of rents. *Id.* at 687.

■ This Court believes the *Landmark* case to be inapplicable to the facts of the case at bar because it deals with post-petition rents under Section 552(b). As previously explained, the rents involved here are for the use of farmland for a definite lease term which expired pre-petition, unlike the *Landmark* case, which involved continuing post-petition rents. Federal Land Bank had started foreclosure but made no attempt to collect or make a demand for the rental proceeds post-default and pre-petition by obtaining possession or the appointment of a receiver under South Dakota law. In fact, FLB only became involved in the dispute over rents between the debtor and the bank after it moved to intervene in this adversary proceeding. The Court can only speculate that, pre-petition, FLB considered itself subject to the requirements of South Dakota law concerning the enforcement of such an assignment clause and, for some reason, chose not to act on its assignment. Under these circumstances, the Court is of the opinion that Section 552(b) is not applicable and that it would be anomalous for the Court to extend the *Landmark* decision to these facts. FLB's position should not be improved by virtue of the filing of the bankruptcy petition when it had made no effort pre-petition to enforce its interest.

Accordingly, based on the foregoing, this Memorandum Decision constitutes the Court's Findings of Fact and Conclusions

of Law in the above-entitled matter pursuant to Bankr.R.P. 7052 and F.R.Civ.P. 52. Counsel for the plaintiff/debtor is directed to submit a proposed order and judgment in accordance with Bankr.R.P. 9021.