**In re Gary Dean BUCKLEY, f/d/b/a Farmer, Debtor.**

**UNITED STATES of America, FARMERS HOME ADMINISTRATION, Plaintiff,**

v.

**Gary Dean BUCKLEY, Defendant.**

**Bankruptcy No. 484–00157.**
**Adv. No. 484–0049.**

United States Bankruptcy Court, D. South Dakota.

Sept. 30, 1986.

Robert J. Haar, Asst. U.S. Atty., Sioux Falls, S.D., for plaintiff.

J. Bruce Blake, Sioux Falls, S.D., for defendant.

## MEMORANDUM DECISION

PEDER K. ECKER, Bankruptcy Judge.

The defendant/debtor, Gary Dean Buckley, is a farmer. He first borrowed money from the Farmers Home Administration (FmHA) in 1980. On September 17, 1981,

he executed a real estate mortgage on his real estate in Beadle County, South Dakota, in favor of FmHA. The mortgage contained a clause assigning the rents and profits of the real estate to the FmHA. The debtor defaulted on the debt to FmHA by failing to make the annual payment to FmHA on January 1, 1984.

On March 1, 1984, the debtor entered into a written farm lease with Raymond Hofer, which provided for an advance cash rental payment to the debtor of $6,353. FmHA was not informed by the debtor of the lease arrangement. The debtor then took the cash rent and some other cash proceeds from the sale of unencumbered personal property and used it to buy life insurance.

On May 4, 1984, the debtor filed for bankruptcy relief under Chapter 7. FmHA subsequently commenced this adversary proceeding, alleging that the use of the rent proceeds by the debtor was a willful conversion and that the amount of $6,353 should be determined to be a nondischargeable debt owed to FmHA.

There are two issues to be decided:

1. Whether an assignment of rents clause in a real estate mortgage creates a prospective lien which must be perfected after the debtor's default by the lender; and

2. Whether the failure of a debtor to inform a creditor holding an assignment of rents under a real estate mortgage of the debtor's rental of the property post-default prevented FmHA from taking action on its assignment, amounting to conversion which would rise to the level of non-dischargeability.

■ Under South Dakota law, an assignment of rents contained in a mortgage must be perfected post-default by the lender by obtaining possession of the property or by having a receiver appointed by the state court. *See Rudolph v. Herman,* 4 S.D. 283, 56 N.W. 901 (1893); *First Federal Savings & Loan v. Clark Investment Co.,* 322 N.W.2d 258 (S.D.1982); *Aetna Life Insurance Co. v. McElvain,* 363 N.W.2d 186 (S.D.1985). FmHA did not move to perfect its assignment after the debtor defaulted.

The recent Eighth Circuit Court of Appeals decision in *United States v. Landmark Park & Associates,* 795 F.2d 683 (8th Cir.1986), held that HUD, a federal lender, was deemed to have perfected its interest in rents by filing its mortgage pre-petition and was, thus, entitled to post-petition rents. This Court believes the applicability of that decision to be limited to situations involving continuing post-petition rents and that, under the circumstances of the instant case, FmHA was subject to the requirements of South Dakota state law.

■ The question then becomes whether the debtor, by failing to inform FmHA of his intention to rent the property as required by the mortgage, interfered with or, in effect, prevented FmHA from perfecting its interest in rents and whether this conduct was willful and malicious, amounting to a conversion nondischargeable under the Code. 11 U.S.C. § 523(a)(6).

This Court must conclude that, although the debtor's conduct constituted a breach of the conditions of the mortgage, such a breach is not in and of itself sufficient to declare the debtor's conduct to be willful and malicious. FmHA knew the debtor was in default and could have taken steps to protect its interests. For whatever reasons, it did not. Although the debtor is testing the outer limits of his right to a fresh start under the provisions of the Code, the Court finds that the debtor's rental of the land and use of the proceeds did not amount to a conversion in this instance.

Accordingly, based on the foregoing, this Memorandum Decision constitutes the Court's Findings of Fact and Conclusions of Law in the above-entitled matter pursuant to Bankr.R.P. 7052 and F.R.Civ.P. 52. Counsel for the defendant/debtor is directed to submit a proposed order and judgment in accordance with Bankr.R.P. 9021.