In re Gary Dean BUCKLEY, Debtor.

UNITED STATES of America, FARM-
ERS HOME ADMINISTRATION,
Appellant,

v.

Gary Dean BUCKLEY, Appellee.

No. CIV 87–4005.

United States District Court,
D. South Dakota, S.D.

April 3, 1987.

Robert Hoar, Asst. U.S. Atty., Sioux Falls, S.D., for plaintiff.

J. Bruce Blake, Sioux Falls, S.D., for defendant Buckley.

MEMORANDUM OPINION
AND ORDER

JOHN B. JONES, District Judge.

In this action, which originated as an adversary proceeding in the Bankruptcy Court, appellant Farmers Home Administration (FmHA) claims that the appellee Gary Dean Buckley's leasing of his farm property and use of the lease proceeds to procure exempt property prior to filing bankruptcy was a willful and malicious conversion of FmHA property and created a nondischargeable debt to the extent of the lease proceeds under 11 U.S.C.A. section 523(a)(6) (1979). In support of its claim, FmHA argues that (1) federal law governs the manner in which FmHA could perfect its interest in the rental income, (2) under federal law, FmHA's interest in the rental income was perfected upon Buckley's default on the FmHA's promissory notes, and (3) that Buckley's use of the rental income in pre-bankruptcy exemption planning constituted willful and malicious conversion of FmHA's property.

## FACTS

This action involves a real estate mortgage executed by Buckley on September 17, 1981, to secure a debt owed FmHA of $100,300. FmHA argues that two portions of Buckley's mortgage are material to this dispute. The first is found in an introductory paragraph and provides that Buckley mortgaged his property, some 306 acres in Beadle County, South Dakota, "together with all rights, interests, easements, hereditaments and appurtenances thereunto belonging, the rents, issues, and profits thereof and revenues and income therefrom...." The second is found in covenant (12) which provides that: "Neither the property nor any portion thereof or interest therein shall be leased, assigned, sold, transferred, or encumbered, voluntarily or otherwise, without the written consent of the Government."

Two other provisions of the mortgage are relevant. First, covenant (1) provides that Buckley had a duty to make payments on the underlying promissory note promptly when due. Also, covenant (17) defined default as failure to perform any obligation set out in the mortgage and gave FmHA certain rights upon default, such as, the right to accelerate Buckley's indebtedness, the right to have a receiver appointed and the right to foreclose.

Buckley defaulted on his note by failing to make his January 1, 1984, annual payment to FmHA. On March 1, 1984, Buckley leased his land for a $6,353 advance cash payment. Buckley used this payment to purchase life insurance. On May 4, 1984, Buckley filed for bankruptcy relief under Chapter 7.

FmHA then commenced an adversary proceeding to have the $6,353 declared nondischargeable under section 523(a)(6). FmHA argued federal law should determine what act was necessary to perfect its interest in Buckley's rents, that under federal law the interest was perfected and that Buckley's use of the rent proceeds was willful and malicious conversion.

The Bankruptcy Court ruled that state law governed the requirements for perfection of FmHA's interest in Buckley's rents and that under state law, FmHA had to take possession or appoint a receiver to perfect. The court went on to hold that although Buckley breached the mortgage by not getting FmHA's prior permission to rent his farm, that breach did not amount to a willful and malicious conversion. 65 B.R. 283.

## DISCUSSION

When deciding an appeal from a bankruptcy court decision, the appropriate standard of review is clearly erroneous for findings of fact and *de novo* for conclusions of law. *Matter of Newcomb*, 744 F.2d 621, 625 (8th Cir.1984). *See also*, Bankruptcy Rule 8013. As set out above, FmHA has raised three issues in this appeal and they will be dealt with in order.

1. *Does Federal Law Govern the Manner in which FmHA Can Perfect It's Interest in Rental Income Created in a Real Property Mortgage?*

FmHA argues, on the basis of *United States v. Landmark Park & Associates*, 795 F.2d 683 (8th Cir.1986), that federal law governs questions relating to the perfection of FmHA's security interest in rents. The Bankruptcy Court found, however, that the *Landmark Park & Associates* decision was applicable only to continuing post-petition rents, and held that South Dakota state law controlled. This question raises purely legal issues and the Bankruptcy Court's decision will be reviewed *de novo*.

In *Landmark Park & Associates*, the Eighth Circuit considered whether federal or state law controlled the question of what acts are necessary to perfect an interest in rental income pursuant to an assignment of rents clause in a Department of Housing and Urban Development (HUD) Regulating Agreement and Deed of Trust. Noting that HUD was a nationwide federal mortgage lender, the Eighth Circuit held that there was a federal interest in uniformity of the law applied to HUD security instruments. *Id.* at 686. Because state law is not uniform on the question of how a mortgagee can perfect its interest in rents, the

court ruled that a uniform federal rule was necessary and it rejected the application of state law. *Id.* at 687.

■ FmHA, like HUD, is a nationwide federal mortgage lender. Accordingly, there is a federal interest in uniformity of the law applied to FmHA security agreements. Thus, under the principles announced in *Landmark Park & Associates,* federal law controls the issue of what acts are necessary to perfect the FmHA's interest in rents. Before concluding that it was error for the Bankruptcy Court to apply South Dakota state law, however, the next issue must be addressed to determine what the controlling federal law is.

2. *What Acts are Necessary under Federal Law for the FmHA to Perfect Its Interest in Rents as a Mortgagee?*

FmHA argues that the introductory paragraph in their mortgage providing that it covers not only the property but also "the rents, issues, and profits thereof" is equivalent to an assignment of rents clause. Accordingly, FmHA asserts that the federal rule announced in *Landmark Park & Associates,* that a federal mortgagee's interest in rents under an assignment of rents clause contained in the mortgage is perfected upon default if the mortgage has been properly recorded, should govern. The Bankruptcy Court did not rule on this issue.

The language contained in the HUD Regulatory Agreement and Deed of Trust under consideration in *Landmark Park & Associates* provided:

That all rents, profits and income from the

property covered by this mortgage are hereby assigned to the Mortgagee for the purpose of discharging the debt hereby secured. Permission is hereby given to the Mortgagor so long as no default exists hereunder, to collect such rents, profits and income for use in accordance with the provisions of the Regulatory Agreement.

*Id.* at 687 (citing *United States v. Floral Park Development Co.,* 619 F.Supp 144, 147 (S.D. Ohio 1985)). And the Eighth

Circuit held that this language, contained in a properly recorded real property mortgage, created a perfected security interest in rents upon default. *Id.*

In effect, the Eighth Circuit in *Landmark Park & Associates* held that HUD mortgages could be enforced according to their terms and, to the extent state law required otherwise, that state law was replaced with this federal rule. Buckley's mortgage with FmHA, however, does not contain an assignment of rents provision. The mortgage's only reference to rents is in the introductory paragraph which states that rents, issues and profits of the land are part of the mortgaged property. Thus, under *Landmark Park & Associates,* the question becomes what acts are required by the language in Buckley's mortgage for the FmHA to perfect its interest in rents. The answer to this question will provide the relevant federal rule.

No court has yet addressed this question in the context of a nationwide federal mortgage lender, that is, no court has yet developed a federal rule. There are also no federal statutes or regulations governing this issue. Thus, "the court must fashion the federal rules that are applicable." *United States v. Giragossiantz,* 488 F.2d 358, 360 (9th Cir.1973). *See also, United States v. Kimbell Foods, Inc.,* 440 U.S. 715, 727, 99 S.Ct. 1448, 1457, 59 L.Ed.2d 711 (1979); *Clearfield Trust Co. v. United States,* 318 U.S. 363, 367, 63 S.Ct. 573, 575, 87 L.Ed. 838 (1943).

■ The main question when formulating a federal rule in an area where Congress has not spoken is whether state law should be incorporated as the federal rule or whether a uniform federal standard should be set. *See Kimbell Foods,* 440 U.S. at 727–28, 99 S.Ct. at 1457–58. In determining whether a uniform federal standard is necessary, courts should be guided by the extent to which the federal lender is governed by state law in other areas of its activities. In this context, FmHA "programs already conform to each State's commercial standards." *Id.* at 732, 99 S.Ct. at 1460. And there are no "con-

crete reasons for rejecting well-established commercial rules which have proven workable over time. Thus, the prudent course is to adopt the ready made body of state law as the Federal rule of decision until Congress strikes a different accommodation." *Id.* at 740, 99 S.Ct. 1464.

Furthermore, the state rule on the question of what acts are necessary to perfect an interest in rents under a mortgage that includes rents in the mortgaged property clause is uniform and longstanding. The rule in South Dakota and elsewhere is that a lender must perfect such an interest in rents post-default by obtaining possession of the property or by having a receiver appointed by the state court. *See Aetna Life Insurance Co. v. McElvain,* 363 N.W.2d 186 (S.D.1985); *First Federal Savings & Loan v. Clark Investment Co.,* 322 N.W.2d 258 (S.D.1982). *See also Childs Real Estate Co. v. Shelburne Realty Co.,* 23 Cal.2d 263, 143 P.2d 697 (1943); *Sellars v. First Colonial Corp.,* 276 S.C. 548, 280 S.E.2d 805 (1981). *See generally,* 59 C.J.S. *Mortgages* § 316 (1949 & Supp.1986). The only exception to this rule is in cases such as *Landmark Park & Associates,* where the language of the agreement clearly shows that the parties intended an interest in rents to be perfected upon default. *See Childs Real Estate Co.; Sellars;* 59 C.J.S. *Mortgages* at § 316.

The Bankruptcy Court, therefore, reached a correct result when it applied South Dakota state law to the question of whether FmHA's interest in rents under Buckley's mortgage was perfected pre-petition. Thus, the Bankruptcy Court's holding that FmHA's interest in rents under the Buckley mortgage was not perfected pre-petition because FmHA did not take possession or have a receiver appointed in state court is affirmed, although on different grounds.

3. *Did Buckley's Conduct in Leasing His Farm and Using the Proceeds in Pre-Bankruptcy Exemption Planning Constitute Willful and Malicious Behavior under Section 523(a)(6)?*

As the Bankruptcy Court stated Buckley's conduct was "testing the outer limits of his right to a fresh start under the provisions of the Code." *See also In re Long,* 774 F.2d 875, 882 (8th Cir.1985). The Bankruptcy Court found that his conduct was not willful and malicious under section 523(a)(6) and denied FmHA's request to have the $6,353 advance rental payment declared dischargeable. The Bankruptcy Court's factual finding on this issue is not clearly erroneous and is affirmed.

IT IS, THEREFORE, ORDERED:

(1) That the Bankruptcy Court's Order dated October 29, 1986, is affirmed.