

1995 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-31-1995

# IN RE: Flagstaff Realty

Precedential or Non-Precedential:

Docket 94-5650

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_1995

Recommended Citation
"IN RE: Flagstaff Realty" (1995). *1995 Decisions.* Paper 202.
http://digitalcommons.law.villanova.edu/thirdcircuit_1995/202

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 1995 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 94-5650

_____

IN RE:  FLAGSTAFF REALTY ASSOCIATES
        t/a F.R.A. LIMITED PARTNERSHIP
                Debtor


        MEGAFOODS STORES, INC.,



                Appellant,

                v.

        FLAGSTAFF REALTY ASSOCIATES,
        t/a F.R.A. LIMITED PARNERSHIP;
        MAURICE L. MCALISTER;
        J.E. ROBERT COMPANY, INC.;
        KENNETH D. HINSVARK

        _____

On Appeal from the United States District Court
       for the District of New Jersey
           (D.C. No. 93-cv-1713)
        _____


        Argued June 27, 1995

Before: MANSMANN, GREENBERG, SAROKIN, Circuit Judges

        (Filed July 31, 1995)
        _____

                        Peter W. Sorensen, Esq. (argued)
                        Robbins & Green
                        3300 North Central Avenue
                        Norwest Tower, Suite 1800
                        Phoenix, AZ 85012

                        Joseph E. Sales, Esq.
                        Norris, McLaughlin & Marcus, P.C.
                        721 Route 202-206
                        P.O. Box 1018
                        Somerville, NJ 08876-1018

1

Attorneys for Appellant


                              Roger B. Kaplan, Esq. (argued)
                              Deborah Del Nobile Tanenbaum, Esq.
                              Wilentz, Goldman & Spitzer, P.C.
                              90 Woodbridge Center Drive
                              P.O. Box 10
                              Woodbridge, NJ 07095

                              Attorneys for Appellee Flagstaff Realty

                          _____

                       OPINION OF THE COURT
                          _____

SAROKIN, Circuit Judge:


       A landlord defaulted on its responsibility to make necessary repa
demised premises, and the commercial tenant, as provided in the lease, cure
by making the repairs.  The lease permitted the tenant to offset the cost o
improvements against future rents.  The issue presented is whether the moni
the tenant before bankruptcy can be recouped or otherwise credited against
due thereafter, where the landlord, now debtor-in-possession, rejects the l
conclude that they can, and thus reverse.


                              **I.**

       In August 1991, tenant Megafoods Stores, Inc. became a lessee of
property located in Flagstaff, Arizona. Under the lease, landlord Flagstaff
Associates was obligated to maintain the parking area and exterior of the b
repair.  Property Lease at ¶¶ 9, 14.  Tenant notified landlord of the need
roof and parking lot and learned of landlord's "financial inability to perf
obligations under the lease."  App. at 136.  As early as February 1992, ten

                              2

landlord that if it did not confirm that it would perform the repairs at it

tenant would repair the property and exercise its right of offset against t

Tenant performed the work and in July 1992 notified landlord of its intent

rent.  In response, landlord declared that failure to pay rent constituted

the lease, and tenant subsequently agreed to remit the July rent and expres

willingness to cooperate with landlord in resolving this dispute either thr

reimbursement, offset against rent, or otherwise.  Having failed to hear fr

tenant gave notice in mid-August 1992 that it would commence withholding re

paragraph 29 of the lease and again expressed its willingness to cooperate.

provides in pertinent part:

> [i]n the event the Landlord shall . . . fail to perform any oblig
> specified in this lease, then Tenant may . . . do all necessary w
> and make all necessary payments in connection therewith, and Land
> shall on demand pay Tenant forthwith the amount so paid by Tenant
> together with interest thereon at the rate of six per cent (6%) p
> annum, and Tenant may withhold any and all rental payments and ot
> payments thereafter due to Landlord and apply the same to the pay
> of such indebtedness.

App. at 95.

A little more than two weeks later, landlord filed a voluntary ba

petition under Chapter 11 of the Bankruptcy Code, and in October 1992, file

reject the lease. The specific bases for rejection were that the rent provi

lease was below market value and that tenant had asserted a claim for $477,

listed tenant's claim in its petition as a disputed prepetition unsecured c

priority.  Tenant commenced a separate adversary proceeding seeking a decla

rights of the parties with respect to the rental payments and repair issue,

bankruptcy court decided to address this issue together with the motion to

bankruptcy court granted landlord's motion to reject and denied tenant's ap

offset its repair claims pursuant to the recoupment doctrine or, in the alt

3

U.S.C.A. § 365(h)(2) (West 1993).  It also determined that tenant had exerc

statutory prerogative to remain in possession of the property for the balan

and therefore owed landlord, as debtor-in-possession, its prerejection amou

U.S.C.A. § 365.

Tenant appealed, and the district court, exercising jurisdiction

U.S.C.A. § 158(a) (West 1993), affirmed the bankruptcy court's ruling.  Ten

timely notice of appeal.  We have jurisdiction over this appeal pursuant to

158(d) and 1291 (West 1993).

During the pendency of this appeal, the bankruptcy court confirme

landlord's plan of reorganization.  Tenant did not appeal the confirmation

it seek a stay pending the resolution of this appeal.

**II**.

We exercise plenary review over the legal issues presented in thi

There are no disputes as to the material facts.

Section 365(h)(2) provides in pertinent part:

> [i]f such lessee . . . remains in possession as provided in paragraph
> this subsection, such lessee . . . may offset against the <u>rent reserve</u>
> <u>such lease</u> . . . any damages occurring after such date [of rejection]
> the nonperformance of any obligation of the debtor under such lease .

11 U.S.C.A. § 365(h)(2) (emphasis added).  Therefore, our first inquiry is

reserved under the lease.

The phrase, "rent reserved under such lease," plainly refers to t

under the lease.  <u>See</u> <u>Consumer Product Safety Com. v. GTE Sylvania, Inc.</u>, 4

108 (1980)("plain meaning of legislation should be conclusive"); <u>see</u> <u>also</u> <u>I</u>

<u>House Partners</u>, 97 B.R. 819, 823 (Bankr. E.D. Pa. 1989)("tenant is entitled

under the same rental terms as are set forth in the lease")(citations omitt

4

Here, paragraph 29 of the lease plainly provides for a reduction when the tenant cures the landlord's default. In essence, the parties agre tenant advanced certain costs which were the obligation of landlord, the re reduced accordingly. The reduced rent is the "rent reserved," and it is th the tenant is required to pay.

"Rejection does not alter the substantive rights of the parties t and thus does not alter the continuing vitality of terms affecting the amou as paragraph 29. In re Chestnut Ridge Plaza Associates, L.P., 156 B.R. 477 W.D. Pa. 1993). The primary function of rejection is to "allow[] a debtor– escape the burden of providing continuing services to a tenant." In re Lee 155 B.R. 55, 60 (Bankr. E.D.N.Y. 1993)(citing cases), aff'd, 169 B.R. 507 ( Rejection affects the lessor's duties to the tenant. See also In re Stable Associates, Inc., 41 B.R. 594, 597 (Bankr. S.D.N.Y. 1984)(rejection "reliev from covenants requiring future performance, such as the provision of utili maintenance and janitorial services by the debtor")(citation omitted); 2 Co Bankruptcy §365.09, at 356–58 (15th ed. 1995)(rejection "results merely in cancellation of covenants requiring performance in the future by the landlo Chestnut Ridge court emphasized that

> [t]he obligations under the lease and rights associated with
> tenant's leasehold interest do not just vanish because a debtor h
> rejected the lease. The leasehold interest remains intact and th
> lease remains operative between the parties.

156 B.R. at 485 (citations omitted). Thus, although the rejection of the l debtor–landlord relieves it of prospective obligations to perform under the not relieve it of its obligation to accept the agreed upon reduced rent pro the terms of the lease.

5

Although not the type of transaction traditionally recognized as security interest, this situation is analogous to the assignment of rents t loan. If the landlord had borrowed the money to make the repairs and assig to a lender, the landlord could not disavow the assignment after filing a b petition and insist that it receive the rent payments. See, e.g., In re Wh Office Partners Limited Partnership, 27 F.3d 1234, 1239-41 (7th Cir. 1994)( rents to secure mortgage is an interest in real property and hence a lien g security interest); Prudential Ins. Co. of America v. Boston Harbor Marina 616, 619 (D. Mass. 1993)(lien on rents gives rise to security interest in f payments); In re Buckley, 73 B.R. 746, 749 (D.S.D. 1987)(interest in rent g perfected security interest where lender obtains possession of property). Tavern Motor Inn, Inc., 80 B.R. 659, 660-62 (D. Vt. 1987)(landlord's assign to receive future rent gave lessee bank a security interest in real propert the debtor in this case, in effect, assigned to the tenant its own interest payments and thus permitted tenant to reimburse itself.

From yet another perspective, paragraph 29 can be interpreted as monies so advanced by the tenant as more akin to prepaid rent, rather than landlord or a debt the landlord owes the tenant. Certainly if a tenant pai in advance and the landlord filed for bankruptcy during the course of that tenant should not be required to pay the rent a second time for the remaini that year. Cf. In re M.W. Ettinger Transfer Co., 1988 WL 129334, *4 (Bankr 1988)(concluding it is "wholly unjust, improper and foolish" to require deb spent more than $300,000 in capital improvements in form of prepaid rent to to force tenant to sue separately for a prepaid rent claim). Thus, on stat we conclude that the "rent reserved" under the lease is the fixed rent less and customary cost of the improvements, to be apportioned towards tenant's obligation by the bankruptcy court on remand.

6

Even if statutory grounds were not available, we hold that the do

recoupment would provide relief to tenant. A claim subject to recoupment av

bankruptcy channels and thus, in essence, is given priority over other cred

Recoupment, which has its origins as an equitable rule of joinder, permits

out of the same transaction to be adjudicated in one proceeding. Lee v. Sc

F.2d 870, 875 (3d Cir. 1984); In re B & L Oil Company, 782 F.2d 155, 157 (1

This common law doctrine is not codified in the Bankruptcy Code, but has be

through decisional law.

The "trustee of a bankruptcy estate 'takes the property subject t

recoupment.'" In re Holford, 896 F.2d 176, 179 (5th Cir. 1990)(quoting In

Consultants, Inc., 84 B.R. 419, 426 (Bankr. E.D. Va. 1988)); In re Universi

Center, 973 F.2d 1065, 1080 (3d Cir. 1992). In recognition of the special

recoupment, courts have permitted its application even in situations where

not permit application of the related doctrine of setoff, 11 U.S.C.A. § 553

Thus, postpetition funds owing to the landlord may be recouped against prep

owed by the landlord despite the usually inflexible automatic stay provisio

11 U.S.C.A. §362(a) (West 1993). See, e.g., In re Klingberg Schools, 68 B.

(N.D. Ill. 1986), aff'd, 837 F.2d 763 (7th Cir. 1988).

However, recoupment is not available without limitation. As note

contending claims must derive from the same transaction. Recoupment also c

basis for asserting an independent claim against the estate. In re America

Airlines, Inc., 60 B.R. 587, 590 (Bankr. N.D. Iowa 1986)(citation omitted).

This case satisfies the "same transaction" test. We have require

debts must arise out of a single integrated transaction so that it would be

for the debtor to enjoy the benefits of that transaction without also meeti

obligations." University Medical Center, 973 F.2d at 1081. Both the claim

7

costs and the rent arise from the lease, and it would be inequitable for th

receive rent without compensating tenant for undertaking the repairs.

Although the usual posture of recoupment cases involves a defensi

of recoupment in response to a landlord or trustee filing suit to recover s

the estate, the creditor may take the "offensive" as in this case. See Pub

107 B.R. at 445-46 (landlord's argument that recoupment may be raised only

"misplaced"); B & L Oil, 782 F.2d at 156 (creditor brought suit for adjudic

right to recoupment). Although the creditor is the tenant here, this does

the essentially defensive nature of tenant's position. It is not seeking a

recovery of the repair costs, but rather an adjudication that it may deduct

costs from its post-rejection rent.

Thus, at the time of filing, tenant had a valid recoupment claim,

landlord had no interest in the future rental income to the extent of tenan

**III**.

Having concluded that the tenant has the right to reduce future r

the extent that it expended monies to make improvements which were the obli

debtor-landlord, we must next consider the impact of confirmation from whic

neither appealed nor sought a stay.

Section 1141 of the Bankruptcy Code states, in pertinent part and

exceptions not relevant herein:

> (a) . . . the provisions of a confirmed plan bind the landlord .
> and any creditor . . . whether or not the claim or interest of su
> creditor . . . is impaired under the plan and whether or not such
> creditor . . . has accepted the plan.
>
> *****
>
> (c) . . . except as otherwise provided in the plan or in the orde
> confirming the plan, after confirmation of a plan, the property d

8

> with by the plan is free and clear of all claims and interests of creditors, equity security holders, and of general partners in th landlord.

11 U.S.C.A. § 1141(a,c) (West 1993). Landlord posits this as a per se bar assertion of its right to now reduce the rent where the plan listed tenant creditor without any special rights to offset against rental income. Debtor that the plan has been implemented such that the court can no longer provid relief to tenant without jeopardizing the success of the plan, which depend the unreduced rental flow. We reject these contentions for the following r

This is not a situation where a creditor has slept on its rights has been proposed, confirmed, and relied upon by others. Tenant's position and pursued from the outset. The equities are clearly with tenant. It mad improvements which were the obligation of landlord. It was entitled by agr deduct the cost of those improvements from the rent. To now prohibit it fr would create a windfall for the debtor. The approximately 15 partners have only $50,000 to the plan. Debtor and its other creditors proceeded to impl under the specter of potential reversal of the district court in favor of g tenant's recoupment claim and consequent reduction in rent. In fact, in it confirmation of the reorganization plan, tenant specifically noted the pend appeal. Objection to Confirmation of Proposed Third Amended Plan of Reorgan n.1.

We conclude that all parties proceeded to implement the plan with the district court's determination was subject to reversal upon appeal. Th challenging the plan or seeking a stay pending appeal was preferable, tenan do so does not render this appeal moot. Tenant otherwise diligently pursue gave landlord early indication of its intent to abate rent if landlord defa duties. See also In re Rooster, Inc., 127 B.R. 560 (Bankr. E.D. Pa. 1991)(

9

permitted to recoup despite failure to appeal from the confirmation order n

pending appeal); In re Maine, 32 B.R. 452, 453 (Bankr. W.D.N.Y. 1983)(credi

to recoup despite failure to object to confirmation of the plan nor appeal

confirmation order).  Cf. In re De Laurentiis Entertainment Group Inc., 963

1271 (9th Cir.)(creditor had right to setoff although it did not object to

plan nor challenge confirmation order), cert. denied sub nom Carolco Televi

National Broadcasting Co., __ U.S. __, 113 S.Ct. 330 (1992); In re Ford, 35

(Bankr. N.D. Ga. 1983)(creditor permitted to setoff despite failure to obje

reorganization plan nor appealed the confirmation).

Thus, although we recognize the importance of maintaining the int

confirmed plans from later attack, these unique circumstances permit the pl

reopened and readjusted.  We reach this conclusion, recognizing that the co

the lease has been at the instance of tenant and not the debtor-landlord.

Furthermore, permitting tenant to pay the rent reserved or to rec

rent payments will not necessarily upset the successful implementation of t

Landlord assumes that tenant would be able to withhold all rental payments

recovers the $325,000.  Under such a scenario, the plan would indeed fail.

bankruptcy court has considerably more flexibility in fashioning an equitab

debtor acknowledges.  On remand, we suggest that the district court return

the bankruptcy court for a determination of whether there is an amount of r

which would best balance ensuring the ultimate, if more gradual, success of

reorganization plan with reimbursing tenant for the repair costs. Tenant's

this court indicates that it has no immediate plans to vacate the premises,

considering tenant's other substantial improvements to the property, and so

monthly payments appears to be a viable option.

In sum, we conclude that confirmation and implementation of the r

plan does not prevent tenant from paying the "rent reserved" under the leas

10

asserting its right to recoupment.  As we have held that tenant may pay red statutory and recoupment grounds, we need not reach tenant's other contenti issue.

**IV.**

We now clarify one remaining issue.  The bankruptcy court conclud has elected to remain in possession of the lease "<u>and</u> any renewals or exten March 25, 1993 Order at ¶ E (emphasis added), and the district court affirm argues that the bankruptcy court erred in holding that it had elected to re possession for the remaining term of the lease and for all extension period therein.  We agree with tenant that the language of §365(h)(1) is permissiv mandatory:  the lessee "<u>may</u> remain in possession of the leasehold . . . for such term and for any renewal or extension of such term . . . ."  11 U.S.C. There is no statutory requirement that a tenant who elects to remain on the remain throughout all possible renewal periods nor that tenant must exercis as to renewal periods at the time it elects to remain in possession.

**V.**

For the foregoing reasons, we will reverse the district court and bankruptcy court for reconsideration of its order confirming the reorganiza for a determination of the amount of monthly rent.

11