103 F.3d 138
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Calvin L. JONES, Plaintiff-Appellant,
v.
Shirley S. CHATER, Commissioner of Social Security,
* Defendant-Appellee.
 No. 95-35390.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 7, 1996.**
Decided Dec. 5, 1996.
 
 Before: CANBY, RYMER and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 Calvin Jones challenges the district court's order upholding the Commissioner's denial of disability benefits. We affirm, because the Commissioner's decision was supported by substantial evidence and correct legal standards. Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir.1996).
 
 
 3
 Although Jones claimed disability beginning in 1986, he could not have been prejudiced by the ALJ's treatment of his claim as following from the 1992 reinjury. If, when he was worse off because of the reinjury, he was still not disabled for purposes of the statute, then a fortiori he could not have been disabled when his condition was less impaired. The ALJ considered Jones' entire medical history, including the 1986-92 period. Jones had told his doctors he was "fine" physically between 1986 and the 1992 reinjury. He testified that before the 1992 accident, he could chop and carry wood. His medical chart said that he had fished in club tournaments for bass fishing, and was fishing about four times a week. He worked as a taxicab driver from 1986 to 1992, and gave as his reasons for leaving the taxicab jobs that "IRS shut down" one company, and in a second job, "two companies merged." Neither reason indicated that his medical condition prevented him from working further. Jones contrasted his good pre-1992 condition with his post-1992 accident condition. Because consideration of the evidence for the 1986 to 1992 period would have led to no different result, there could be no prejudice to Jones from the ALJ's consideration of it.
 
 
 4
 Jones urges that the case should be remanded so that the Commissioner can consider the additional evidence at his exhibit H. He is incorrect. 42 U.S.C. § 405(g), upon which he relies, gives the district court discretion to order additional evidence to be taken before the Commissioner, "but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." Jones has not shown "good cause" for failing to incorporate his additional evidence into the record before the ALJ. Much of the additional evidence consists of reports Jones' attorney had obtained prior to the hearing before the ALJ, and the rest plainly could have been obtained prior to the hearing. In the case upon which Jones relies in his argument, we expressly noted that the "additional evidence could not have been presented at the time of the administrative hearing." Embrey v. Bowen, 849 F.2d 418, 424 (9th Cir.1988). The opposite was true in this case.
 
 
 5
 The hypotheticals posed to vocational expert Jennifer Coiner were sufficiently complete. They set out the limitations and restrictions on Jones that were supported by substantial evidence, Embrey v. Bowen, 849 F.2d 418, 422 (9th Cir.1988); Magallanes v. Bowen, 881 F.2d 747, 756 (9th Cir.1989), that the ALJ found credible, Johnson v. Shalala, 60 F.3d 1428, 1433 (9th Cir.1996); Andrews v. Shalala, 60 F.3d 1035, 1039 (9th Cir.1995).
 
 
 6
 Coiner's testimony was substantial evidence upon which to base a finding that Jones could perform jobs available in the national economy. Presumptions arising from the Dictionary of Occupational Titles and Selected Characteristics of Occupations Defined in the Dictionary of Occupational Titles about work a claimant can and cannot do are rebuttable with more specific testimony of the type Coiner gave. Johnson v. Shalala, 60 F.3d 1428, 1435 (9th Cir.1995); see also C.F.R. § 404.1566(d), (e). To the extent that the ALJ might have made more specific findings as to the transferability of Jones's skills to the security guard position, any such error was harmless, because that job was one of several "representative" positions Coiner identified as appropriate for Jones.
 
 
 7
 The ALJ also fulfilled his duty to develop the record. See Brown v. Heckler, 713 F.2d 441 (9th Cir.1983). The ALJ explored with Jones the types of evidence mandated in S.S.R. 88-13 related to his subjective complaints of pain; failure to explore psychological explanations was not error, especially in light of specific findings that these complaints were not credible. See Bunnell v. 2, 947 F.2d 341, 346 (9th Cir.1991) (en banc).
 
 
 8
 AFFIRMED.
 
 
 
 *
 Pursuant to P.L. No. 103-296, the Social Security Independence and Program Improvements Act of 1994, the function of the Secretary of Health and Human Services in Social Security cases was transferred to the Commissioner of Social Security effective March 31, 1995. In accordance with § 106(d) of P.L. No. 103-296, Shirley S. Chater, Commissioner of Social Security is substituted for Donna E. Shalala, Secretary of Health and Human Services, as the defendant in this action
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3